**HUMBLE EXPLORATION COMPANY, et al., Appellants,**

v.

**Jane H. BROWNING, et al., Appellees.**

**No. 05–82–01378–CV.**

Court of Appeals of Texas, Dallas.

July 11, 1984.

Rehearing Denied Sept. 7, 1984.

Louis P. Bickel, Bickel & Case, Douglas M. Robison, Geary, Stahl & Spencer, Dallas, Joe H. Reynolds, Kay K. Daniel Pierce, and J. Bruce Bennett, Reynolds, Allen & Cook, Houston, for appellants.

G.H. Kelsoe, Jr., Kelsoe & Kelsoe, R. Jack Ayres, Jr., Joseph W. Geary, Geary, Stahl & Spencer, Dallas, for appellees.

Before GUITTARD, C.J., and WILLIAMS[1], and KEITH[2], JJ. (Retired).

KEITH, Justice (Retired).

Pat Holloway, Humble Exploration Company, Inc., and others appeal from a multi-million-dollar judgment in favor of Jane Browning and her children in a suit for damages for fraud and breach of fiduciary duties and for imposition of a constructive trust on certain corporate stock and producing mineral interests. Although the appeal is ripe for decision, none of the parties wish it to proceed at this time. Appellees have moved to dismiss the appeal on the ground that appellants have obtained in a federal court a summary judgment declaring that the judgment appealed from is void under federal law. Appellants request that the appeal be abated until a final decision is rendered on appeal from the summa-

---

1. Chief Justice, Fifth Court of Appeals (Retired), sitting by designation pursuant to TEX.REV. CIV.STAT.ANN. art. 1812 (Vernon Supp.1984).

2. Justice, Ninth Court of Appeals (Retired), sitting by designation pursuant to TEX.REV.CIV. STAT.ANN. art. 1812 (Vernon Supp.1984).

ry judgment in the federal court. We overrule the motion to abate and grant the motion to dismiss.

The unseemly conflict between the courts of the state and federal system began when one of the appellants sought refuge in Chapter 11 bankruptcy proceedings after the institution of the suit by the plaintiffs below. This, of course, invoked the automatic stay of proceedings under Section 362 of the Bankruptcy Code. Later, the parties entered into a stipulation and the Bankruptcy Court entered its "Order Remanding Causes of Action and Modifying Automatic Stay."

We quote from such order of the Bankruptcy Court:

> Cause No. 79–9623–L, styled *Jane Browning, et al. v. Pat S. Holloway, et al.*, and Cause No. 79–12292–J/L, styled *Jane Browning, et al. v. Sterling Pipeline Company,* be and hereby are remanded to the 193rd Judicial District Court of Dallas County, Texas, pursuant to the terms set out in the annexed Stipulation and Agreement as amended; and it is further
>
> ORDERED, ADJUDGED AND DECREED that the automatic stay provisions of Section 362 of the Bankruptcy Code are modified so as to permit the remand of said causes of action and the trial of same pursuant to the terms of the annexed Stipulation and Agreement as amended.

The document annexed to the Bankruptcy Court's Order is entitled "Stipulation and Agreement on Manner in Which Controversy Shall Be Heard, Determined and Liquidated," and paragraphs one and two thereof specifically provide that:

> 1. Upon the approval of this Stipulation and agreement, cause. No. 79–9723–L styled *Jane Browning, et al. v. Pat S. Holloway, et al.*, in the 193rd Judicial District Court of Dallas County, Texas and cause No. 79–12292–J/L in the 193rd Judicial District Court of Dallas County, Texas, styled *Browning, et al. v. Sterling Pipeline Company* shall be remanded for trial by the Bankruptcy Court to the 193rd District Court of Dallas County, Texas.
>
> 2. The BROWNING INTERESTS and Debtors shall then file an agreed motion in the 193rd Judicial District Court to consolidate cause No. 79–12292–J/L with cause No. 79–9623–L, so that upon consolidation the surviving consolidated cause shall be cause No. 79–9623–L. Upon the Court's signing of the order consolidating the said causes, the parties will then present a joint motion to the Judge of the 193rd District Court asking him to request of the Honorable Paul Peurifoy in his capacity as Presiding Judge of the First Administrative Judicial District that he assign a retired state court district judge or, in the alternative, a visiting state court district judge or a retired judge of the court of civil appeals agreed to by the parties, to hear this consolidated cause and all motions and other matters in conjunction therewith.

Paragraph 3 of the annexed Stipulation provides that:

> 3. The order of the Bankruptcy Court remanding said consolidated cause to the state court for trial shall recite that such remand is conditional upon and shall only take effect upon the final assignment of said consolidated cause as prescribed in paragraphs 1 and 2 above. In the event that the BROWNING INTERESTS and Debtors are unable to obtain the assignment of said consolidated cause as prescribed in paragraphs 1 and 2 above, then in that event, the remand of said consolidated cause shall not take effect and the Bankruptcy Court shall retain jurisdiction over said cause which shall proceed to trial in the Bankruptcy Court before a jury.

Notwithstanding the quoted language, the parties went to trial before a regular, active district judge of Dallas County, Texas, and not before a retired or visiting state

court district judge. In our large record, we do not find that appellants presented the order to Judge Walker in whose court the litigation was tried before a jury and the judgment entered from which an appeal has been taken to the federal district court, as noted earlier, and to this court.

There is no suggestion in our record that appellants did not realize, during the course of the lengthy trial, that the trial court was not proceeding with full and unchallenged authority to render a valid final judgment based upon jury findings. After the entry of the judgment and the commencement of the state appellate process plaintiffs sought to require appellants to file a supersedeas bond or deliver the specific property to which they recovered title in the trial court. When appellees went into the Bankruptcy Court for an order enforcing their judgment, appellants attacked the judgment as void. For the first time, so far as our record shows, they asserted that the 162nd District Court lacked jurisdiction because one of the provisions of the stipulation on which the case was remanded by the Bankruptcy Court was not observed, namely, the provision that the case be assigned to a retired or visiting judge. On this ground the United States District Judge rendered summary judgment declaring the judgment void and refusing to enforce it. *Browning v. Navarro*, No. 83–0380 (N.D.Tex. Dec. 5, 1983).

Although we recognize, as we must, the authority of the federal court, and we defer to its interpretation of the applicable federal law, we conclude that appellants are barred from further relief in the state courts by obtaining nullification of the judgment in the federal court on a ground they failed to raise in the state court. Appellants have likened the conditions upon which the case was remanded to a "leash" which the bankruptcy court could, at any time, use to return the case to the bankruptcy court, regardless of its status in the state system and without raising the mat-

ter in the state court.[3] Judge Sanders' opinion seems to support this interpretation.

If this interpretation is upheld, we must recognize it as the applicable federal law, but, as a matter of state law, we are not bound to permit parties to trifle with state courts in this fashion. Here appellants wholly failed to present the order of remand or the stipulation on which it was based to the trial court in the present suit. The record before us shows only that in a different suit, a receivership proceeding initiated by other parties, in which appellants and appellees were co-defendants, appellees attached the order of remand and the stipulation as exhibits to their pleading and asked the court to decide whether the receivership suit could properly proceed. Appellants advised the court that the present suit was then pending before a retired judge in another state court. Later appellants objected to consolidation of the two suits, but made no objection that Judge Walker, in whose court the consolidated suit went to trial, was without authority to try the case because of the condition of the order of remand. There is no suggestion in the record that after the consolidation appellants ever moved Judge Walker to recuse himself and request assignment of a retired or visiting judge. Judge Walker, therefore, had no opportunity to comply with the condition of remand.

So far as the record of the present case shows, appellants chose to try the case to a jury before Judge Walker and made no suggestion of his lack of authority until after an adverse verdict was returned and an adverse judgment was rendered. Having thus chosen to speculate on the verdict in a trial before Judge Walker, and having lost, appellants should not be permitted to pursue their appeal in this court, asserting 211 points of error in a brief of more than five hundred pages, while, at the same

**3.** In oral argument, appellants' counsel likened the remand order to a "remand on a leash" whereby the Bankruptcy Court could, at any time, grasp the leash and return the dispute to that court regardless of its status in the state system. We do not comment upon this concept of law governing remands from the Bankruptcy Courts.

time, advancing their "leash" theory in the federal court.

■ We recognize that lack of jurisdiction of the subject matter cannot be waived and may be raised on appeal for the first time. *Texas Employment Commission v. International Union of Electrical, Radio and Machine Workers, Local 782*, 163 Tex. 135, 352 S.W.2d 252, 253 (1961); *Long v. Fox*, 625 S.W.2d 376, 379 (Tex.App.—San Antonio 1981, writ ref'd n.r.e.). The complaint here, however, is not a lack of jurisdiction of the 162nd District Court over the general subject matter of the suit, or even preemption of state jurisdiction by bankruptcy proceedings. The claimed jurisdictional defect is the court's failure to proceed in the manner specified by the order of remand, namely, before a retired or visiting judge instead of the constitutionally elected and presiding judge of the court. Under Texas law the disqualification of the judge on a ground other than those specified in the constitution is waived if not raised by a proper motion to recuse. *Buckholts Independent School District v. Glaser*, 632 S.W.2d 146, 148 (Tex.1982). Thus, in *Buckholts*, although a statute governing election contests provided that the district judge must request assignment of a judge from outside the county to try the case, this requirement was held to be waived in the absence of a motion to recuse. *Id.* at 148.

■ In the present case, apparently, the 162nd District Court would have had full jurisdiction if a retired or visiting judge had been on the bench. We conclude that under Texas law this is not the type of lack of jurisdiction that may be raised on appeal when it has not been raised in the trial court. It is rather a matter of procedure which is waived unless presented in the trial court so that the error may be avoided or corrected. *See Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex.1981); *PGP Gas Products, Inc. v. Fariss*, 620 S.W.2d 559, 561 (Tex.1981).

It is difficult to foresee what other variations from state procedures the bankruptcy court may require as conditions of remand.

If the "leash" theory is upheld, state court judgments in such cases would be subject to two types of review for procedural errors, one in the state court system according to state law, and another in the federal court on grounds that need not be raised in the state court and that may be contrary to state rules of procedure. These two types of review are fundamentally inconsistent. To allow both would be to permit a party to trifle with the state court by allowing it to proceed to a judgment which he may accept or reject at will. Consequently, we hold that if a party seeks review in the federal court of a state court judgment on the ground of an alleged violation of a condition of remand from bankruptcy court without pointing out the alleged error in the state court, he is barred from further relief under state law. Having elected an inconsistent remedy in the federal court, he is confined to the relief available there.

Since the appeal must be dismissed, we do not reach the question of whether a remand from the bankruptcy court on conditions permitting the state court proceeding to be interrupted and nullified at any stage would deprive the state court of the power to make a conclusive determination of the controversy and, therefore, reduce its judgment to an advisory opinion, which Texas courts have no power to render. *See United Services Life Insurance Co. v. Delaney*, 396 S.W.2d 855, 863 (Tex.1965). If the "leash" theory is upheld, the state court should determine in cases remanded from the bankruptcy court whether the conditions of the remand are consistent with the state court's jurisdiction under state law.

Neither can we agree with appellants' contention that this appeal should be abated and its final disposition delayed until the validity of the judgment is finally determined in the federal courts. The delay of justice resulting from even one appeal is a hardship for the parties that can be tolerated only as an indispensable condition of a system of justice based on law. Review of the same judgment in both federal and state systems is a twofold hardship that we

are unwilling to impose. Nor can we justify proceeding with this appeal when the judgment under review has been declared void by the federal court. Consequently, we conclude that appellants should be limited to their remedy in the federal court. *Saner-Whiteman Lumber Co. v. Texas & N.O. Ry. Co.*, 288 S.W. 127 (Tex.Comm'n App.1926, holding approved).

We overrule appellants' motion to abate the appeal and grant appellees' motion to dismiss the appeal.

Appeal dismissed.