**Jane H. BROWNING, et al., Relators,**

v.

**The Honorable Tom RYAN, Senior Judge Sitting for the 162nd Judicial District Court, Robbie Holloway and Pat Holloway, Respondents.**

No. 05–88–00477–CV.

Court of Appeals of Texas, Dallas.

July 26, 1988.

R. Jack Ayres, Thomas V. Murto III, Mitchell Madden, Edwin E. Wright, Andrew L. Smith, Dallas, for real party in interest.

Dennis Olson, Dallas, for HECI and Sterling.

John B. Kyle, Dallas, for InterFirst Bank Dallas, N.A., for appellant.

F. Dean Armstrong, Flossmoor, Ill., Pat S. Holloway, Giddings, for respondents.

Before STEPHENS, McCLUNG and BAKER, JJ.

STEPHENS, Justice.

This petition for writ of mandamus, for temporary and permanent writs of prohibition, and for injunctive relief results from an order entered in Cause No. 86–7704–I, styled *Pat S. Holloway, et al. v. Michael G. Starnes, et al.*, in the 162nd District Court of Texas. The Relators seek to prevent relitigation of matters which they allege have previously been determined by this Court in *Humble Exploration Co. v. Browning*, 677 S.W.2d 111, (Tex.App.—Dallas 1984), *en banc op. on motion to reinstate*, 690 S.W.2d 321 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), *cert. denied*, 475 U.S. 1065, 106 S.Ct. 1376, 89 L.Ed.2d 602 (1986).

This court agrees with Relators and grants the relief requested.

## CHRONOLOGY OF PRIOR LITIGATION

A chronology of the prior litigation is essential to an understanding of this Court's order in this original proceeding.

On September 12, 1979, the Brownings sued Humble Exploration Co., Inc., and Pat Holloway, in the 193rd Judicial District Court of Dallas County, Texas, alleging an equitable ownership of both Humble's and Holloway's assets, seeking the imposition of a constructive trust on Humble's and Holloway's assets, actual and exemplary damages, and the appointment of an interim receiver to manage the disputed assets. We will refer to this suit as the Humble suit.

On November 19, 1979, Humble and Holloway filed Chapter 11 voluntary bankruptcy petitions in the United States Bankruptcy Court for the Northern District of Texas. On October 1, 1982, the Chapter 11 bankruptcy proceeding was converted to a Chapter 7 proceeding.

On November 21, 1979, the Brownings sued Sterling Pipeline Company in the 191st Judicial District Court of Dallas County, Texas, alleging Sterling to be a wholly owned subsidiary of Humble or controlled by Holloway, thereby contending that it was subject to the constructive trust sought in the Humble suit, pending in the 193rd Judicial District Court, which had been automatically stayed by the filing of

the bankruptcy proceedings. We refer to this case as the Sterling case.

In the bankruptcy court, the parties entered into a stipulation which was approved by the bankruptcy court, remanding the cause of action to the state court, and modifying the automatic stay provision so that it might be tried on its merits.

The remand order of the bankruptcy court which was entered on January 18, 1980, provided:

... it is, therefore, ORDERED, ADJUDGED, and DECREED that Cause No., 79–9623–L, styled *Jane Browning, et al. v. Pat S. Holloway, et al.,* and Cause No. 79–12292–J/L, styled *Jane Browning, et al. v. Sterling Pipeline Company,* be and hereby are remanded to the 193rd Judicial District Court of Dallas County, Texas, pursuant to the terms set out in the annexed Stipulation and Agreement as amended; and it is further

ORDERED, ADJUDGED AND DECREED that the automatic stay provisions of Section 362 of the Bankruptcy Code are modified so as to permit the remand of said causes of action and the trial of same pursuant to the terms of the annexed Stipulation and Agreement as amended.

Attached to the bankruptcy court's order was a document styled "Stipulation and Agreement on Manner in Which Controversy Shall Be Heard, Determined and Liquidated", ("Stipulation and Agreement") which specifically provided in three paragraphs:

1. Upon the approval of this Stipulation and agreement, cause No. 79–9723–L styled *Jane Browning, et al. v. Pat S. Holloway, et al.,* in the 193rd Judicial District Court of Dallas County, Texas, styled *Browning, et al. v. Sterling Pipeline Company* shall be remanded for trial by the Bankruptcy Court to the 193rd District Court of Dallas County, Texas.

2. The BROWNING INTERESTS and Debtors shall then file an agreed motion in the 193rd Judicial District Court to consolidate cause No. 79–12292–J/L with cause No. 79–9623–L, so that upon consolidation the surviving consolidated cause shall be cause No. 79–9623–L. Upon the Court's signing of the order consolidating the said causes, the parties will then present a joint motion to the Judge of the 193rd District Court asking him to request of the Honorable Paul Peurifoy in his capacity as Presiding Judge of the First Administrative Judicial District that he assign a retired state court district judge or, in the alternative, a visiting state court district judge or a retired judge of the court of civil appeals agreed to by the parties, to hear this consolidated cause and all motions and other matters in conjunction therewith.

. . . . .

3. The order of the Bankruptcy Court remanding said consolidated cause to the state court for trial shall recite that such remand is conditional upon and shall only take effect upon the final assignment of said consolidated cause as prescribed in paragraphs 1 and 2 above. In the event that the BROWNING INTERESTS and Debtors are unable to obtain the assignment of said consolidated cause as prescribed in paragraphs 1 and 2 above, then in that event, the remand of said consolidated cause shall not take effect and the Bankruptcy Court shall retain jurisdiction over said cause which shall proceed to trial in the Bankruptcy Court before a jury.

In harmony with the remand order and Stipulation and Agreement, the automatic stay in the federal court system was lifted to permit the trial of the consolidated cases in the state system and these two causes were remanded to the 193rd Judicial District Court. They were consolidated and the presiding judge assigned the case to a retired state judge.

On October 17, 1979, prior to the bankruptcy filing, the parties in the Humble suit had dictated into the record a settlement agreement. The Brownings, however, had

withdrawn their consent prior to the settlement being reduced to judgment. The retired judge now presiding over the remanded, consolidated cases ordered the settlement agreement enforced and entered judgment accordingly. This judgment was appealed and in *Browning v. Holloway*, 620 S.W.2d 611, 614 (Tex.Civ.App.—Dallas), *writ ref'd n.r.e.*, 626 S.W.2d 485 (Tex.1981), the case was reversed and remanded to the trial court for a trial upon the settlement agreement. Upon remand, the case was assigned to a different retired state judge who, after trial on the enforceability of the settlement agreement, entered an instructed verdict declaring the settlement agreement unenforceable. He then set the case for trial on the merits.

On May 26, 1982, a group of investors sued Holloway and Humble in the 162nd Judicial District Court of Dallas County, Texas, then presided over by Judge Dee Brown Walker, the duly elected judge of that court. This suit also sought the appointment of a receiver over Humble's assets. The Brownings were named defendants in this case because of their pending claim of ownership of the Humble and Holloway assets. This suit was removed to the bankruptcy court and remanded to the state court on the same day as its removal.

On May 28, 1982, Judge Walker appointed a receiver over Humble's and Holloway's assets. Judge Walker's order was appealed to this Court. In *Humble Exploration Co. v. Fairway Land Co.*, 641 S.W.2d 934 (Tex.App.—Dallas 1982, writ ref'd n.r.e.) the receivership order was vacated, and in *Humble Exploration Co. v. Walker*, 641 S.W.2d 941 (Tex.App.—Dallas 1982, no writ) a writ of prohibition was issued. We refer to these cases as the Fairway case.

Without detailing all of the interim orders in the various state courts, the result was the consolidation of the Humble case, the Sterling case, and the Fairway case in the 162nd Judicial District Court over which Judge Walker presided on June 10, 1982. Judge Walker then granted the Brownings a separate and expedited trial of their cause, and on August 26, 1982, judgment was entered for the Brownings imposing a constructive trust on the assets of Humble and of Holloway and awarding $72,000,000.00 in damages for fraud and breach of fiduciary duties to the Brownings.

On October 5, 1982, after commencement of the state appellate procedure in *Humble Exploration v. Browning*, yet before this court had handed down a decision, the bankruptcy court enjoined the state court receiver from turning over the assets which were the subject of the state court judgment until that judgment became final.

On March 2, 1983, the Brownings filed suit in the United States District Court for the Northern District of Texas against the bankruptcy court trustee, Don Navarro, seeking to require Humble Exploration to either file a supersedeas bond or deliver the specific property to which they had recovered title in the trial court.

The trustee, Navarro, filed a counterclaim, seeking, inter alia, a declaratory judgment that the state court judgment was void, thus for the first time, attacking the judgment as void, by contending that since a visiting judge had not tried the case in accordance with the Stipulation and Agreement entered into by the parties on remand, such defect deprived the 162nd Judicial District Court of jurisdiction to hear the case. The federal district judge agreed with Navarro and ruled that the 162nd District Court of Dallas County, Texas was without jurisdiction, and that the judgment was a nullity. The federal district court judgment was then appealed to the United States Court of Appeals for the Fifth Circuit.

Based upon the federal district judge's ruling as to the state district court's jurisdiction, a motion to abate was then filed in this court by Humble and a motion to dismiss was filed by Browning. This Court granted Browning's motion to dismiss on July 11, 1984. *Humble Exploration v. Browning*, 677 S.W.2d at 114. Rehearing was denied on September 7, 1984.

As was pointed out by this court in *Humble Exploration v. Browning*, there was no evidence in the record that Judge Walker was ever presented with the Stipu-

lation and Agreement, nor any evidence that any of the parties complained at the trial level that Judge Walker, rather than an appointed judge, was the presiding judge. The district court case had proceeded to trial and judgment was rendered in favor of Jane H. Browning and her children against Pat Holloway, Humble Exploration Company, Inc., and others by Judge Walker, the duly elected judge of the 162nd District Court of Texas, in their suit for damages for fraud and breach of fiduciary duties and for imposition of a constructive trust on certain corporate stock and producing mineral interests.

This Court disagreed with the federal district judge's determination that the 162nd Judicial District Court was without jurisdiction, expressly holding that under Texas law the claimed defect was not jurisdictional but rather was a matter of procedure which, if not timely presented to the trial court, was waived. The court further expressly held that if a party seeks review in the federal court of a state court judgment on the ground of an alleged violation of a condition of remand from bankruptcy court without pointing out the alleged error in the state court, such party is barred from further relief under state law, holding that by the election of an inconsistent remedy in the federal court, the party is confined to relief available there, thus expressly relegating the appellants to such further relief as was available in the federal court and denying any further relief in the state court.

It is interesting to note here that a careful reading of the parties' Stipulation and Agreement reveals that the assignment of a specific judge was not mandated, only a judge *agreed to by the parties.* It is inconceivable that no complaint was lodged if, whoever the judge, he or she was not acceptable to one of the parties. Failure to complain is an additional waiver, or more appropriately stated, is an acceptance by both parties of the judge who tried the case.

On July 11, 1984, after oral argument was heard by the United States Court of Appeals in *Browning v. Navarro,* 743 F.2d 1069 (5th Cir.1984), yet before a decision was handed down, in deference to the federal district judge's determination of jurisdiction, and on Browning's motions, this Court entered its order dismissing Holloway's appeal.

In the federal appeal of *Browning v. Navarro,* the Fifth Circuit Court carefully considered the federal district court's order holding that the 162nd Judicial District Court's judgment was void for want of jurisdiction. The court held that it was axiomatic that remanding a case to a state court terminates the jurisdiction of a federal bankruptcy or district court over that case. *Navarro,* 743 F.2d at 1078, *citing United States v. Rice,* 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982 (1946) (applying 28 U.S.C. Sec. 71); *Robertson v. Ball,* 534 F.2d 63, 66 n. 5 (5th Cir.1976). It further held that a federal court is completely divested of jurisdiction once it mails a certified copy of the order to the clerk of the state court. *See* 28 U.S.C. Sec. 1447(c); 1A J. Moore & B. Ringle, *Moore's Federal Practice.*

The court went on to say that conditional remand orders seem to be contrary to the principles underlying the concept of remand. The notion that a federal court can impose a condition on a remand order, the occurrence of which would void judicial proceedings resumed by a state court after notice of a federal court's remand order and which would thereafter reinvest the federal court with jurisdiction over the case, runs counter to fundamental precepts of remand. The court further held that the Stipulation and Agreement was in the nature of a contract and subject to the rules of construction of contracts.

Further recitation of the federal appeals court decision is to belabor the point. In conclusion, the United States Court of Appeals for the Fifth Circuit held that the bankruptcy court was divested of jurisdiction upon the parties' compliance with the terms of the remand order and the annexed Stipulation and Agreement and that the assignment of a retired judge to try the case in the first instance satisfied the precondition to the lifting of the stay order,

and that the subsequent state court proceedings were not void.

The federal appeals court very succinctly observed in its final paragraph that in view of the fact that this dispute had been festering in the courts for nearly five years, it is time for this litigation to be concluded as promptly as possible. With this statement, this Court wholeheartedly agrees.

On October 3, 1984, Holloway filed "a motion to withdraw its judgment granting appellee's motion to dismiss appeal." The motion was favorably acted upon by this Court by its order of October 4, 1984, vacating the judgment of July 11, 1984. The Court, then acting en banc, reconsidered its action and upon determining that this court had lost its plenary power to vacate its judgment of July 11, 1984, set aside the order of October 4, 1984, and reinstated its July 11, 1984 Order of Dismissal. *Humble Exploration v. Browning*, 677 S.W.2d 111 (Tex.App.—Dallas 1984), *en banc op. on motion to reinstate*, 690 S.W.2d 321, 329 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), *cert. denied*, 475 U.S. 1065, 106 S.Ct. 1376, 89 L.Ed.2d 602 (1986).

## THE CASE BEFORE US

Although Respondents strive to make the matter before this court complex and intricate, it is neither.

On April 13, 1988, The Honorable Judge Tom Ryan, a senior district judge, sitting as judge of the 162nd Judicial District Court, served all claims then pending in the 162nd Judicial District Court in Cause No. 86–7704–I, styled *Pat S. Holloway, et al. v. Michael G. Starnes, et al.* into a separate suit to be docketed in that court under a different cause number, save and except Holloway's claim that the final judgment rendered in Cause No. 79–9623–I, styled *Browning v. Holloway*, on November 11, 1982, in the 162nd Judicial District Court of Texas was void. The Honorable Tom Ryan then ruled, as to the remaining claim, that the judgment rendered in *Browning v. Holloway*, Cause No. 79–9623–I, was void for want of jurisdiction and of no force and effect under Texas law.

We disagree with Judge Ryan. Jurisdiction of Cause No. 79–9623–I was upheld by this Court, in *Humble Exploration v. Browning*, 677 S.W.2d at 114. Specifically, this Court held that, under the facts of that case, when the parties permitted a case to go to judgment in state court without notifying the trial judge of the Stipulation and Agreement specifying the necessity of a certain judge presiding, the defect was not jurisdictional, but a matter of procedure which was waived unless presented in the trial court. *See Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex.1982); *PGP Gas Products, Inc. v. Fariss*, 620 S.W.2d 559, 561 (Tex.1981). Consequently, the party against whom the judgment was rendered could not have it set aside on the ground that the court lacked jurisdiction to render it. This Court further held that a party who seeks review in the federal court of a state court judgment on the ground of an alleged violation of a condition of remand from a bankruptcy court without pointing out the alleged error in the state court is barred from further relief in the state court. *Humble Exploration v. Browning*, 677 S.W.2d at 114.

We frankly do not know why Judge Tom Ryan chose to defiantly repudiate this Court's determination of the existence of its jurisdiction in this matter. Whatever his reasoning, we hereby unequivocally hold that the judgment rendered in *Browning v. Holloway*, Cause No. 79–9623–I, which has proceeded through the entire Texas appellate system, culminating in the supreme court's decision in *Holloway v. Browning*, 626 S.W.2d 485 (Tex.1981), which is a valid, existing, final judgment not subject to collateral attack or bill of review. Consequently, Judge Ryan is ordered forthwith to set aside the final judgment and order of severance entered April 13, 1988, in Cause No. 86–7704–I, *Pat S. Holloway, et al. v. Michael G. Starnes, et al.* It is further ordered that Judge Ryan set aside the April 14, 1988 order specifying facts that appeared without substantial controversy and conclusions of law entered in that cause. The April 14, 1988 order supports the invalid April 13 order which erroneously grants Holloway's twelfth motion for summary judgment and makes erroneous conclusions including the conclusion that a retired judge assigned to sit for

a Dallas County district court on any case assumes *exclusive* jurisdiction, thus rendering void any order by Judge Walker, the elected judge of the 162nd Judicial District Court.

Mandamus is appropriate in this case because Judge Ryan clearly abused his discretion in that the judgment he rendered defies the clear decisions of this appellate court, the Texas Supreme Court, and the United States Court of Appeals for the Fifth Circuit, all of which have held that the 162nd Judicial District Court was vested with jurisdiction to hear the case.

We additionally issue a writ of prohibition that Judge Tom Ryan and Pat S. Holloway are to take absolutely no further action in Cause No. 86–7704–I or any case severed therefrom other than the type of action required for a prompt dismissal of Cause No. 86–7704–I and any case or cases created by the April 13 order. One of the main purposes of the writ of prohibition in this state is the prevention of an inferior court's entertaining suits which will relitigate controversies already settled by the issuing court. *Humble Exploration v. Walker*, 641 S.W.2d at 943. A writ of prohibition will issue to prevent the relitigation of matters or issues which were or could have been raised and decided in an earlier decision of an appellate court. *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 366 (Tex.1985); *Humble Oil and Refining Co. v. Fisher*, 152 Tex. 29, 253 S.W. 2d 656, 663 (1952).

If circumstances ever cried out for prohibition, this is one. Otherwise, we foresee that the same matters may be relitigated *ad infinitum* and are well on their way to so being. We remind the litigants of the doctrine of *res judicata*, a doctrine which has finality and certainty as its purposes. We hereby admonish the litigants that if any of them attempt to bring before this Court in the future matters which should have been raised in this or a previous proceeding, we will refuse to hear the matters raised.

We further find that this situation necessitates the truly extraordinary remedy of injunction. We permanently enjoin Pat S. Holloway on his own behalf or on behalf of others from using the judicial process in any way in the state courts to attack the judgment of the 162nd Judicial District Court in Cause No. 79–9623–L. He has had more than ample opportunity to litigate all issues and controversies in that cause. This Court is weary of Mr. Holloway's and his cohorts' trifling with the patience of this Court. Our tolerance for such conduct is exhausted. We are mindful of the philosophy of full access to the courts and do not seek to derogate that important concept. Indeed, we uphold that philosophy by ordering this injunction which should send a message to litigants that all legal controversies have a conclusion.

It has been held that, where a suit in the nature of a bill of review was an effort by plaintiffs to relitigate issues adjudicated against them by an appellate court in a prior suit, writs of prohibition and injunction would be issued to protect the judgment from an attempted assault. *City and County of Dallas v. Cramer*, 207 S.W.2d 918 (Tex.Civ.App.—Dallas 1947, no writ). In that case as in this the litigiousness has progressed from vigorous advocacy to absurdity. This Court is now required to bring finality to this protracted litigation since the parties are unable or unwilling to do so.