IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-256-CV





FLOJO TRADING CORPORATION, HERMAN JAEHNE


AND BENNIE C. JAEHNE,



 APPELLANTS


vs.





JANE H. BROWNING, INDIVIDUALLY AND AS CO-INDEPENDENT EXECUTRIX


OF THE ESTATE OF WILLIAM W. BROWNING, JR., DECEASED, AND AS


TRUSTEE FOR THE BROWNING CHILDREN'S TRUST AND AS SPECIAL


TRUSTEE; KATHERINE AGNES LAND STARNES, ET AL.,



 APPELLEES


 



FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT



NO. 8066/8076, HONORABLE HAROLD TOWSLEE, JUDGE PRESIDING


 




PROCEDURAL BACKGROUND



 This appeal springs from the unrelenting battle between the Holloways and the
Brownings, which began in 1979. Although the complicated facts of this case and related cases
already fill many pages of the state and federal reporters, (1)
 for the sake of clarity, we recount only
the pertinent events leading to this appeal. 

 On September 12, 1979, the Browning family (Brownings) initiated a suit against
Pat Holloway, Humble Exploration Company (Humble), and others in the 193rd Judicial District
Court of Dallas County, Texas. In that suit for fraud and breach of fiduciary duties, the
Brownings claimed they were the equitable owners of substantially all of Humble's and
Holloway's assets and sought to impose a constructive trust on those assets, as well as to collect
actual and exemplary damages. 

 On May 26, 1982, a group of investors sued Holloway and Humble in the 162nd
Judicial District Court of Dallas County, claiming that the defendants wrongfully "shut in" oil and
gas wells jointly owned by the investors and Humble. Because the Brownings claimed ownership
in the Humble and Holloway assets, the Brownings were named as defendants in that case. 

 These two cases were consolidated and transferred to the 162nd Judicial District. 
Judge Dee Brown Walker then granted the Brownings' request for a separate and expedited trial
of the 1979 case (the Browning case). After a month-long trial, Judge Walker rendered judgment
non obstante veredicto in favor of the Brownings (the Walker judgment), imposing a constructive
trust on Humble's and Holloway's assets and awarding the Brownings $72,000,000 in actual
damages and $10,000,000 in exemplary damages. 

 In addition to judgment against Humble and Holloway, the Walker judgment
awarded the Brownings judgment against a separate entity, Flojo Trading Corporation (Flojo), one
of the appellants in this cause. It is uncontested that Flojo was not named as a party in the
Browning case, was never served with any pleadings in that case, and never appeared before
Judge Walker. The Walker judgment nevertheless contained findings of fact that Flojo was the
alter-ego of Pat Holloway, and that Flojo was formed and operated in bad faith to defraud the
Brownings. (2) The Walker judgment then imposed a constructive trust on one hundred percent of
Flojo's stock and ordered that Flojo, along with Pat Holloway, Humble, Holloway Exploration
Company, and Sterling Pipeline Company, was jointly and severally liable for $70,000,000 of the
total judgment awarded the Brownings. Holloway appealed the Walker judgment and also pursued
collateral attacks and bill of review proceedings in several courts. The present appeal
originates from a 1985 collateral attack on the Walker judgment, brought in Lee County by Pat
Holloway, Flojo, Bennie and Herman Jaehne (the Jaehnes), and several Holloway family
members. The Lee County district court initially declared the Walker judgment void on the
grounds that certain indispensable parties were not joined in that suit. The Texas Supreme Court
overruled that action by a conditional grant of writ of mandamus which held that the failure to join
indispensable parties does not render a judgment void. See Browning v. Placke, 698 S.W.2d 362
(Tex. 1985). After vacating the order that declared the Walker judgment void, the Lee County
district court then entered another order dismissing the cause for want of jurisdiction. This Court,
in a 1987 unpublished opinion, held that the Lee County district court erred in dismissing the
cause for want of jurisdiction and remanded the matter to the trial court for a disposition of all of
the causes of action pleaded by the parties. Jaehne v. Starnes, No. 14,693 (Tex. App., Sept. 23,
1987, no writ).

 On remand to the Lee County District Court, both Flojo and the Brownings filed
motions for partial summary judgment in 1991. (3) The trial court granted the Brownings' motion,
and Flojo and the Jaehnes (Appellants) now appeal.



ANALYSIS


A. The Brownings' 1991 Motion for Partial Summary Judgment.

 In their 1991 motion, the Brownings moved for partial summary judgment against
Flojo and the Jaehnes on their claims attacking the validity of the Walker judgment, asserting the
following grounds: (1) the doctrines of res judicata, collateral estoppel, or law of the case bar all
of the plaintiffs' collateral attacks on the Walker judgment; (2) the judgment in Holloway v.
Starnes, No. 86-07704-I, in the Dallas County district court permanently enjoined Pat Holloway
and all persons acting in concert with him from pursuing any claims attacking the validity of the
Walker judgment; (3) the judgment of the United States district court in Browning v. Navarro,
No. 83-0380-H, enjoined Pat Holloway and all persons acting in concert with him from attempting
to re-litigate any claim or legal issues which could have been asserted in Holloway v. Walker or
in Browning v. Navarro; (4) the plaintiffs' allegations include non-jurisdictional matters which do
not support a collateral attack; (5) the jurisdictional recital in the Walker judgment is conclusive
and cannot be contradicted in this collateral attack; and (6) Flojo cannot sue or defend a suit in
state court because its charter was revoked for failure to pay franchise taxes.

 Flojo did not respond to the Brownings' motion for summary judgment. The
Jaehnes opposed the Brownings' motion only on the basis that neither Flojo nor any of its legal
or beneficial stockholders was named as a defendant, served with process, or appeared in the
original Browning case that resulted in the Walker judgment. Thus, appellants presented to the
trial court no rebuttal to the Brownings' grounds for summary judgment and established no fact
issues regarding any of the Brownings' grounds for summary judgment. Without indicating the
specific grounds for granting summary judgment, the trial court ordered that Flojo and the Jaehnes
take nothing on any of their claims attacking the validity of the Walker judgment.

 On appeal, appellants assert in their first point of error that the trial court erred in
granting the Brownings' motion for partial summary judgment because appellants were not named
as defendants or served with process in the original Browning case in which Judge Walker entered
judgment against Flojo. Although this assertion is uncontested and would normally support a
collateral attack on a judgment, it cannot now serve as a basis for this Court to reverse this
summary judgment. We will explain.

 We acknowledge that a judgment may not properly be entered against a party who
is not before the trial court. Mapco, Inc. v. Carter, 817 S.W.2d 686, 686 (Tex. 1991). When
a court has no jurisdiction over the parties or property, no jurisdiction over the subject matter,
or no jurisdiction to enter the particular judgment entered, that court's judgment is void and
subject to collateral attack in another court of equal jurisdiction. See Browning v. Placke, 698
S.W.2d 362, 363 (Tex. 1985); Austin Indep. Sch. Dist. v. Sierra Club, 495 S.W.2d 878, 881
(Tex. 1973); see generally Gus M. Hodges, Collateral Attacks on Judgments, 41 Tex. L. Rev.
163 (1962).

 Because lack of jurisdiction is a fundamental error which may be raised for the first
time on appeal, this Court could normally consider appellants' assertion that judgment against
them was void because they were not parties to the original Browning case. See Mapco, 817
S.W.2d at 687. But we may not now review whether the Walker judgment is void as to
appellants, since one of the stated grounds in the Brownings' motion for summary judgment was
that all of Flojo's and the Jaehnes' grounds for this collateral attack on the Walker judgment have
been litigated in other cases; thus, the doctrines of res judicata, collateral estoppel, and law of the
case bar the present collateral attack. 

 Because appellants have litigated these same issues before another court in a
collateral attack and bill-of-review proceeding and the issues have been decided against appellants,
they may not continue to re-urge the same matters in other courts of equal jurisdiction until they
obtain a result favorable to them. Once parties litigate issues in a fair forum, that result should
be binding. Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1, 6 (Tex. 1986). Yet appellants made
no effort to challenge in a response to the Brownings' motion the contention that their collateral
attack is barred. Appellants' failure to challenge the Brownings' grounds for partial summary
judgment at the trial level, combined with the single point of error appellants now assert regarding
the trial court's granting of summary judgment, leaves this Court unable to look behind the
summary judgment and fully determine whether the doctrines of res judicata, collateral estoppel,
and law of the case are in fact a bar to this collateral attack. 

 Appellants could have cured their failure to respond to the Brownings' asserted
grounds for summary judgment by urging this Court to reverse the summary judgment on the
basis that the Brownings' motion was insufficient as a matter of law to support summary
judgment. See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 679 (Tex. 1979). 
Appellants did not do so. 

 Appellants also could have asserted a general point of error that the trial court erred
in granting summary judgment, allowing argument as to all possible grounds upon which the trial
court should have denied summary judgment. See Malooly Bros., Inc. v. Napier, 461 S.W.2d
119, 121 (Tex. 1970). As noted, appellants did not pursue this option, but merely re-urged on
appeal their original position that the Walker judgment is void as to them because appellants were
not named as defendants or served with process in the original Browning case.

 Mindful of the need to construe a point of error broadly to favor a just and
equitable result, we have reviewed appellants' brief for arguments which are not framed as points
of error but which could defeat the Brownings' summary judgment. See Holley v. Watts, 629
S.W.2d 694, 696 (Tex. 1982). Appellants offer a partial response to the Brownings' assertions
that res judicata, collateral estoppel, and law of the case bar the present collateral attack. 
Specifically, appellants contend that the judgment in Holloway v. Starnes, No. 86-07704-I, in the
Dallas District Court of Dallas County, 162nd Judicial District (the Dallas Bill of Review) does
not preclude the present collateral attack. The judgment in the Dallas Bill of Review denied all
of plaintiffs' claims and permanently enjoined Pat Holloway and all persons acting in concert with
him from pursuing any claims attacking the validity of the Walker judgment. Flojo was a plaintiff
in the Dallas Bill of Review. 

 Appellants now argue that Flojo could not have participated in the Dallas Bill of
Review because Flojo's charter had been revoked for failure to pay franchise taxes. Appellants
note that if corporate privileges are forfeited, a corporation loses the right to sue or defend in a
court of this state. See Tex. Tax Code Ann. § 171.252 (1982). Because Flojo had forfeited its
charter and corporate privileges, appellants argue that Flojo did not have a full and fair
opportunity to litigate its claims in the Dallas Bill of Review. They contend that the judgment in
that suit therefore cannot operate as a bar to the present cause.

 We believe that Flojo is estopped to make this argument. The record reflects that
Flojo forfeited its identification number in September 1982, and its charter in February 1984, for
failure to pay its franchise taxes. This forfeiture does not appear to be the Brownings' fault, as
appellants claim in their brief, because the Brownings did not obtain control of Flojo's records
until September 1986. Holloway, along with Flojo and the Jaehnes, filed the Lee County
collateral attack in 1985. Then Holloway filed Holloway v. Starnes, the Dallas Bill of Review,
in 1986 in the Dallas district court. As noted, Flojo was a named plaintiff in that suit. Thus,
these two suits were essentially parallel attacks on the validity of the Walker judgment, and both
were initiated at a time when Flojo's charter was revoked.

 Nothing in the record suggests that Flojo attempted to remove itself as a party in
the Dallas Bill of Review. Further, nothing in the record suggests that Flojo or the Jaehnes
attempted to revive Flojo's charter during the entire time the Dallas Bill of Review was pending
before the 162nd District Court. Only after the Dallas district court rendered a judgment on
January 10, 1991, which permanently enjoined any further attacks on the validity of the Walker
judgment, did Flojo assert its inability to participate in the Dallas Bill of Review. At that time,
Joe Holt, Flojo's president, paid the overdue fees, taxes, and penalties, and had Flojo's charter
reinstated on March 4, 1991. Four days later Flojo filed its motion for partial summary judgment
in the present cause.

 Flojo is estopped from taking inconsistent positions in these judicial proceedings. 
Cf. Smith v. Chipley, 42 S.W.2d 645, 647 (Tex. Civ. App. 1941, writ ref'd n.r.e.). We do not
believe that Flojo should be allowed to participate as a plaintiff in the Lee County collateral attack
from 1985 until 1991, and in the Dallas Bill of Review from 1986 until 1991, and then, one month
before the suit is resolved in Lee County, pay the franchise tax, claim that Flojo heretofore had
not been a plaintiff in either suit, and attempt to escape the effects of the Dallas judgment. The
record does not reflect why Flojo made no move to reinstate its charter at an earlier time. But
allowing Flojo to switch its position at the eleventh hour would permit this corporate plaintiff to
escape the res judicata effects of an unfavorable judgment on the basis of its own failure to pay
its franchise-tax obligation. Cf. Hardwick v. Austin Galleries, 779 S.W.2d 438, 441 (Tex. App.
1989, writ denied). 

 We therefore reject appellants' argument that the judgment in the Dallas Bill of
Review is not a bar to the present collateral attack. Moreover, we note that appellants did not
respond in full to the argument in the Brownings' motion for partial summary judgment that res
judicata, collateral estoppel, and law of the case bar the present collateral attack.

 Appellants' failure to assert a general assignment of error or specifically challenge
all of the grounds for summary judgment is fatal to their appeal. An examination of the
Brownings' motion reveals several possible bases for the trial court's judgment, only one of which
is that res judicata, collateral estoppel, and law of the case bar the present collateral attack. This
summary judgment must stand, since it may have been based on a ground appellants did not
specifically challenge and since there was no general assignment that the trial court erred in
granting summary judgment. See Malooly Bros., 461 S.W.2d at 121. Accordingly, we overrule
this point of error.


B. Flojo's 1991 Motion for Summary Judgment.

 In their second point of error, appellants assert that the trial court erred in denying
Flojo's 1991 motion for partial summary judgment. However, nothing in the record reflects that
the trial court ever denied -- or even heard -- Flojo's motion. In fact, the record reflects that the
trial court rendered judgment on the Brownings' motion even before the date set for the hearing
on Flojo's motion.

 Appellants contend, however, that the district court denied their motion for partial
summary judgment in that same judgment granting the Brownings' motion. That judgment
ordered that appellants take nothing on any of their claims attacking the validity of the Walker
judgment and dismissed those claims with prejudice. The judgment then severed all of appellants'
undecided issues into a new cause of action. We cannot agree with appellants that the trial court's
action overruled appellants' motion for summary judgment by implication. See Starnes v.
Holloway, 779 S.W.2d S.W.2d 86, 98 (Tex. App. 1989, writ denied). 

 The judgment granting the Brownings' motion states that the court considered the
following in reaching its decision:



[T]he Browning Interests Motion for Partial Summary Judgment, the opposition
of Bennie C. Jaehne and Herman Jaehne to Motion for Partial Summary Judgment
of the Browning Interests, the Reply of the Browning Interests to the Opposition
of Bennie C. Jaehne and Herman Jaehne to Motion for Partial Summary Judgment,
the summary judgment evidence, the pleadings, the record and written and oral
arguments of counsel . . . .



Nowhere does the judgment address Flojo's motion for partial summary judgment. Given the trial
court's specificity in listing the motions and pleadings it considered in rendering judgment, we
conclude that the trial court did not hear or rule on Flojo's motion.

 The record does not reflect that appellants objected to the trial court's failure to rule
on their motion. Where there is no ruling on a motion and no objection to the trial court's refusal
to rule, the error, if any, is not preserved. Tex. R. App. P. Ann. 52(a) (Pamph. 1992); see also
Starnes, 779 S.W.2d at 98; Lynch v. Bank of Dallas, 746 S.W.2d 24, 24-25 (Tex. App. 1988,
writ denied). Further, the trial court's refusal to hear a motion for summary judgment is not an
error that can be cured on direct appeal. See Starnes, 779 S.W.2d at 98.

 We note that the facts in this cause are distinguishable from a situation in which
both parties moved for summary judgment and one motion was granted, but the other denied. In
that case, the appellate court should determine all questions presented and, if it finds reversible
error in the judgment, reverse the trial court and render such judgment as the trial court should
have rendered, including judgment for the other movant. See Jones v. Strauss, 745 S.W.2d 898,
900 (Tex. 1988). 

 Because appellants failed to obtain a ruling on their motion and failed to preserve
error, this Court cannot consider issues related to Flojo's motion for partial summary judgment. 
Accordingly, we overrule this second point of error.


C. The 1985 Motions for Partial Summary Judgment.

 In points of error three through six, appellants complain that the trial court erred
in denying four motions for partial summary judgment that Holloway filed in 1985 when the
parties first brought this collateral attack in the Lee County district court. The trial court heard
these motions in 1985, along with a number of other pleadings and motions, and rendered
judgment dismissing the cause for want of jurisdiction one year later. 

 As noted, this Court ruled in a 1987 unpublished opinion that the Lee County
district court erred in dismissing the cause for want of jurisdiction and remanded the matter to the
trial court. That opinion did not address the denial of any of appellants' 1985 motions for
summary judgment.

 On remand, the parties filed in 1991 the motions for partial summary judgment that
form the basis of the first two points of error in this appeal. Nothing in the record reflects that
appellants re-urged the 1985 motions complained of in points of error three through six. Thus,
the trial court could not have considered the 1985 motions in the 1991 judgment that led to the
current appeal.

 We believe that appellants, having failed to re-urge these four motions after
remand, may not resurrect them now on appeal. Appellants provide us with no authority to the
contrary. For the reasons set forth in our second point of error, these issues have not been
properly preserved on this appeal. Accordingly, we overrule these points of error.



CONCLUSION


 We will affirm the judgment of the trial court.



 

 Mack Kidd, Justice

[Before Justices Jones, Kidd and B. A. Smith; Justice Smith not participating]

Affirmed

Filed: July 1, 1992

[Do Not Publish]

1. See Browning v. Navarro, 826 F.2d 335 (5th Cir. 1987); Holloway v. Walker, 784 F.2d
1287, reh'g denied, 790 F.2d 1170 (5th Cir. 1986); Holloway v. Walker, 765 F.2d 517 (5th Cir.
1985); Browning v. Navarro, 743 F.2d 1069 (5th Cir. 1984), rev'g 37 B.R. 201 (N.D. Tex.
1983); Holloway v. Fifth Court of Appeals, 767 S.W.2d 680 (Tex. 1989); Browning v. Placke,
698 S.W.2d 362 (Tex. 1985); Starnes v. Holloway, 779 S.W.2d 86 (Tex. App. 1989, writ
denied); Browning v. Ryan, 756 S.W.2d 379 (Tex. App. 1988, orig. proceeding); Humble
Exploration Co. v. Browning, 677 S.W.2d 111 (Tex. App. 1984), en banc op. on motion to
reinstate, 690 S.W.2d 321 (Tex. App. 1985, writ ref'd n.r.e.), cert. denied 475 U.S. 1065
(1986); Humble Exploration Co. v. Walker, 641 S.W.2d 941 (Tex. App. 1982, orig. proceeding);
Humble Exploration Co. v. Fairway Land Co., 641 S.W.2d 934 (Tex. App. 1982, writ ref'd
n.r.e.); Browning v. Holloway, 620 S.W.2d 611 (Tex. App.), writ ref'd n.r.e. per curiam, 626
S.W.2d 485 (Tex. 1981).

2. Because the record in this present appeal does not contain the pleadings or statement of facts
from the Browning case, we must presume that they would support the trial court's judgment. 
See Haynes v. McIntosh, 776 S.W.2d 784, 785 (Tex. App. 1989, writ denied).
3. In a bill of review proceeding, the Dallas district court enjoined Holloway and all persons
acting in concert with Holloway from instituting or pursuing any further collateral attacks on the
Walker judgment in any court. Holloway and his family members therefore non-suited themselves
in this cause in February 1991. The remaining parties, Flojo and the Jaehnes, who own
approximately thirty-seven percent of Flojo's stock, continue to press their claims that the Walker
judgment is void as to Flojo, the Jaehnes, Holloway, and Humble.