

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00355-CV

**WILLIAM M. WINDSOR,**

                                      **Appellant**

 **v.**

**SAM ROUND,**

                                      **Appellee**

_____

## No. 10-15-00069-CV

**WILLIAM M. WINDSOR,**

                                      **Appellant**

 **v.**

**KELLIE MCDOUGALD,**

                                      **Appellee**

_____

## No. 10-15-00092-CV

**WILLIAM WINDSOR,**

                                      **Appellant**

 **v.**

**JOEYISALITTLEKID, ET AL,**

                                      **Appellees**

## CONCURRING OPINION

In these proceedings, the Court now affirms the trial court's orders that: granted Round's special appearance, granted McDougald's motion for sanctions, and dismissed Windsor's underlying suit in the trial court case number 88611 for want of prosecution. I would have dismissed these proceedings three years ago which would have had the same effect.[1] *See* Nos. 10-14-00355-CV, *Windsor v. Round*; 10-14-00392-CV, *Windsor v. Fleming*, 10-15-00069-CV, *Windsor v. McDougald*; and 10-15-00092-CV, *Windsor v. Joeyisalittlekid, et al*. (Tex. App.—Waco Aug. 3, 2016, Gray, C.J., dissent to Orders) (not designated for publication). The effect of the opinion and resulting judgments is to affirm the trial court's orders granting a special appearance, sanctions, and a dismissal. Thus, while I do not join the Court's opinion, I respectfully concur in the effect of the Court's judgments.

As I noted in my dissent to the referenced orders on August 3, 2016, the simple action of again striking Windsor's brief was obviously inadequate to address the

---

[1] Another Windsor proceeding was disposed of by this Court on August 7, 2019: 10-14-00392-CV, *Windsor v. Fleming*.
Windsor v. Round
Windsor v. McDougald
Windsor v. Joeyisalittlekid, et al.                                                    Page 2

overarching problem in that Windsor has exhibited a flagrant disregard for the legislative enactments and the rules of the judicial branch and has, at every turn, demonstrated a complete disregard for the orderly administration of justice. He has frustrated the judicial process and used it as a tool of oppression against his victims and as a means to delay the ultimate disposition of proceedings in which he was involved, many of which he started. Windsor failed to follow explicit orders of this Court and filed unnecessary and frivolous notices of appeal, motions, and new proceedings. In my opinion, it is long past the time, and this Court would be totally justified, to dismiss these appeals, thus affirming the trial court's orders about which Windsor complains.

While the Court goes into some extensive history of this proceeding, it is worthwhile to be familiar with and understand the result of Windsor's pattern and litigation techniques. Windsor had so burdened the federal courts that a federal court rendered an order enjoining him from filing any proceeding in a state or federal court without the prior approval of a federal judge in the district where the proceeding was to be filed. Windsor has argued that we are not bound by this federal injunction. He may be right in his argument that a State of Texas court is not bound by it. Windsor convinced the trial court to ignore the injunction.

Windsor is wrong, however, to think that he is not bound by this federal injunction. He is also wrong to think that we cannot act upon his violation of that

injunction; his failure to comply with it. In this regard, he had been advised to seek approval for the filings not only of the proceedings he had filed in Ellis County, but also of the various appeals he had filed in this Court.

Eventually, Windsor requested and obtained a setting for a hearing before a federal district court to seek the court's approval to file these proceedings. When the date for the hearing approached, Windsor rescheduled the hearing so that he could attend telephonically. When the scheduled date for the rescheduled telephonic hearing was near, he unilaterally cancelled the hearing.

As the district court found, the proceeding was not dismissed because it was moot. The hearing was dismissed because the filing party, Windsor, asked that it be dismissed. This left Windsor in the legal position in state court, this Court, that he was in before the federal court proceeding was dismissed at his request. Windsor was in violation of the injunction because it was filed without the federal court's approval.

And when the trial court and this Court were diligently trying to proceed to hear and consider and resolve his complaints, Windsor filed a petition for removal of the proceeding to South Dakota. The effort to remove his case to a federal court in another state was destined for failure because there is no legal basis for a plaintiff in a state court proceeding that selected the venue in the first instance to then remove it to federal court. Further, removal of a pending Texas state court proceeding to a South Dakota federal

court is so unsupported by any legal authority and lacking in any legal basis that it can only have been intended for an improper purpose. Moreover, by removing the proceeding to a federal district court, he was in direct violation of the previously mentioned federal pre-filing injunction because he was entering a federal court by the removal petition and had not obtained the approval of a federal judge to do so.

By these two specific actions, as well as his many others, it is clear that Windsor has no regard for the proper and orderly administration of justice and is using the process to trifle with our patience and our jurisdiction, making a mockery of the judicial process. *See Browning v. Ryan*, 756 S.W.2d 379, 385 (Tex. App.—Dallas 1988, writ denied); *Humble Exploration Co. v. Browning*, 677 S.W.2d 111, 114 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). *See also Spence v. State National Bank*, 5 S.W.2d 754, 756 (Tex. Comm'n App. 1928, jdgmt adopted). Accordingly, I would dismiss these appeals without regard to the merits and would thus not engage in the waste of time and resources of spending 38 pages to address 6 issues, several of which the Court finds are either not preserved or that they are inadequately briefed.

We have previously dismissed another of Windsor's appeals. *See Windsor v. Joeyisalittlekid*, No. 10-15-00199-CV, 2015 Tex. App. LEXIS 7354 (Tex. App.—Waco July 16 2015, no pet.) (mem. op) (appeal dismissed noting Windsor's efforts to mislead the court and the failure of Windsor to follow the court's instructions). We should have done the

same thing with these appeals three years ago. Because the Court effectuates the right result by now affirming the trial court's orders granting a special appearance, sanctions, and dismissal, which is the functional equivalent to dismissing the appeals, I respectfully concur in the Court's judgments but not the opinion or basis thereof.

TOM GRAY
Chief Justice

Concurring Opinion issued and filed August 28, 2019.

