Layne GREGORY, Grady Gregory and Kathy Coker, Appellants,

v.

Stanley PIRTLE, Appellee.

No. 5676.

Court of Appeals of Texas, Eastland.

Nov. 5, 1981.

Rehearing Denied Dec. 3, 1981.

John R. Cook, Thompson & Cook, Breckenridge, for appellants.

Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for appellee.

McCLOUD, Chief Justice.

The issue is whether a nonjoined party is jurisdictionally indispensable under Tex.R. Civ.P. 39.

Stanley Pirtle sued Layne Gregory, Grady Gregory and Kathy Coker alleging that the parties entered into a written contract on October 18, 1978, which obligated the defendants to execute to Pirtle an oil, gas and mineral lease covering their land in Eastland County. Plaintiff sought specific performance. Following a jury trial, the trial court entered judgment which provides in part:

> The Court after making necessary findings of fact and conclusion of law is of the opinion that Judgment should be entered requiring each of the Defendants, Layne Gregory, Grady Gregory and Kathy Coker to execute and deliver to Plaintiff an Oil and Gas Lease covering the premises and land and containing the terms hereinafter set forth and failing to do so Plaintiff should have Judgment finding and declaring that Plaintiff holds a good, valid and subsisting Oil and Gas Lease covering and including the lands and premises hereinafter described and on the terms and conditions as hereinafter set forth and that Plaintiff's title to same be quieted and that Plaintiff have his writ of possession consistent with the terms hereinafter set forth.
>
> It is, therefore, ORDERED, ADJUDGED AND DECREED that the Defendants, Layne Gregory, Grady Gregory, and Kathy Coker, be and they are hereby, jointly and severally ORDERED AND REQUIRED within thirty (30) days from the date of this Judgment to execute and deliver to Plaintiff, Stanley Pirtle, an Oil and Gas Lease covering the premises and land and containing the terms hereinafter set forth and it is the FURTHER ORDER AND JUDGMENT of the Court that Plaintiff holds a good, valid and subsisting Oil and Gas Lease, covering and including the lands and premises hereinafter described and containing the terms and conditions and provisions as hereinafter set forth and should the Defendants, or any of them, fail or refuse to execute and deliver an Oil and Gas Lease covering the premises and land and containing the terms as hereinafter set forth, then and in that event, this Judgment should constitute the Oil and Gas Lease covering and including the lands hereinafter set forth and shall be upon the terms, conditions and provisions as is hereinafter set forth, said Oil and Gas Lease to have as its beginning date the date that this Judgment becomes final and Plaintiff's title to same is hereby quieted and Plaintiff is hereby granted his writ of possession consistent with the terms of the Oil and Gas Lease hereinafter set forth.

Defendants contend that James P. Flanagan, who was not a party, was an indispensable party, and that his absence deprived the court of jurisdiction to adjudicate the controversy between plaintiff and defendants. We agree.

In plaintiff's first amended original petition, the pleading upon which he went to trial, plaintiff joined James P. Flanagan as a defendant, and alleged that Flanagan had caused to be recorded on January 14, 1980, an oil, gas and mineral lease covering the property in issue which cast a cloud upon plaintiff's title to the minerals. The oil and gas lease to Flanagan, which was incorporated into plaintiff's petition by reference, shows that it covers the land in issue, is recorded in Eastland County, and is signed by the Gregorys and Kathy Coker. Pirtle further alleged that Flanagan had notice of Pirtle's claim in and to the minerals owned by defendants. The record does not show that Flanagan was ever served or that he filed an answer. Prior to trial, Pirtle filed a nonsuit as to Flanagan. The defendants did not object to the court's order dismissing Flanagan as a party. The undisputed testimony is that defendants' lands are

leased to Flanagan. The record establishes that Flanagan claims to own an oil, gas and mineral lease executed by defendants, which covers the property in dispute.

Our Supreme Court in *Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104 (Tex.1981) recently stated that the surrounding facts and circumstances of each case must be examined to determine whether a party is jurisdictionally indispensable under Tex.R.Civ.P. 39.[1] Chief Justice Guittard in *In Re Estate of O'Hara*, 549 S.W.2d 233 (Tex.Civ.App.—Dallas 1977, no writ) commenting on the impact of *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200 (Tex.1974) observed that:

> Notwithstanding the supreme court's observation in *Cooper* that fundamental error because of nonjoinder is "rare indeed," we are of the opinion that nonjoinder may still be fundamental error if the judgment would adversely affect the interests of absent parties who had no opportunity to assert their rights in the trial court. See *Provident Tradesmens [v. Patterson]*, supra, 390 U.S. [102] at 110, 88 S.Ct. 733 [88 S.Ct. 733 at 738, 19 L.Ed.2d 936]. In this connection we note that paragraph (a) of rule 39 requires joinder of an absent person who is subject to service of process if "(2) he claims an interest in the subject matter of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest." Under this provision, if it appears on appeal that absent persons claim interests in the subject matter and their ability to protect those interests will be impaired or imped-

ed by the trial court's judgment, then their nonjoinder is fundamental error unless the record shows that their joinder was not feasible. In that event the question is whether the trial court could properly proceed in their absence "in equity and good conscience" under paragraph (b) of Rule 39.

The judgment entered by the trial court orders the defendants to execute an oil, gas and mineral lease to plaintiff, covering lands shown by the record to be presently leased to James P. Flanagan. The judgment provides further that "Plaintiff's title to same be quieted and that Plaintiff have his writ of possession." There is no showing that the joinder of Flanagan was not feasible. Unlike *Vondy*, here the judgment of the trial court adversely affects Flanagan who the record shows had no opportunity to assert his rights in the trial court. The trial court decreed that plaintiff holds a "good, valid and subsisting oil and gas lease" on the identical property that the record shows is leased to Flanagan. We think that "as a practical matter" the judgment entered by the trial court will impair or impede Flanagan's ability to protect his interest.

The judgment of the trial court is reversed and the cause is remanded.

---

1. Tex.R.Civ.P. 39 provides in part:

(a) Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.