Stanley PIRTLE, Petitioner,

v.

Layne GREGORY et al., Respondents.

No. C–948.

Supreme Court of Texas.

March 31, 1982.

Sudderth, Woodley & Dudley, Keith Woodley, Comanche, for petitioner.

Thompson & Cook, John R. Cook, Breckenridge, for respondents.

PER CURIAM.

Stanley Pirtle brought suit for specific performance and for removal of cloud on 512 acres of land. Pirtle sued Layne Gregory, Grady Gregory, and Kathy Coker because they had contracted in writing but failed to execute an oil and gas lease to Pirtle, as lessee. Layne and Grady Gregory later executed an oil and gas lease on the property to James P. Flanagan. Plaintiff Pirtle originally sued Flanagan as one of the defendants, but took a nonsuit as to him. The trial court rendered judgment for Pirtle commanding the Gregorys and Coker to execute the oil and gas lease, but the court of appeals reversed that judgment, believing that the absence of Flanagan from the suit constituted fundamental error. 623 S.W.2d 955 (Tex.App.).

"Fundamental error" in civil actions arose in Texas under old statutes that stated that cases on appeal could be reviewed "on an error in law either assigned or apparent on the face of the record." 2 Gammel, Laws of Texas 1562 (1898); 3 Gammel, Laws of Texas 393 (1898). The practice of appellate courts in considering unassigned errors was the source of

much mischief, and when the Texas Supreme Court promulgated its Rules of Civil Procedure in 1941, old article 1837 was repealed. Since that time, there has been no rule or statute that authorizes appellate consideration of errors for which there was no trial predicate that complained of the error. *McCauley v. Consolidated Underwriters*, 157. Tex. 475, 304 S.W.2d 265, 266 (1957); *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979, 984 (1947) (Alexander, J., concurring). Fundamental error survives today in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas. State Bar of Texas, Appellate Procedure in Texas § 11.5 (2d ed. 1979).

■ The reason for the requirement that a litigant preserve a trial predicate for complaint on appeal is that one should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating his complaint for the first time.

■ Flanagan is said to be an indispensable party to this cause, because the defendants gave him an oil and gas lease and the validity of that lease has not been adjudicated. The defendants should not be heard to complain for the first time on appeal, however, because they did not complain at the trial level by exception, plea in abatement, motion to join other parties or otherwise.

We reaffirm the views we expressed in *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200 (Tex.1974). We there stated:

> Under the provisions of our present Rule 39 it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined.

*Id.* at 204.

In a case such as this, parties who participate in the trial without complaint will not be heard to complain at the appellate stage when "there is reason not to throw away a judgment just because it did not theoretically settle the whole controversy." *Continental Insurance Co. of New York v. Cotten*, 427 F.2d 48, 51 (9th Cir. 1970) [citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1967)].

Pursuant to Texas Rules of Civil Procedure, Rule 483, we grant the writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and remand this cause to that court for disposition of the other points not reached.