cv4-147 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING









NO. 03-94-00147-CV







Diane Kunde and Gary Kunde, Individually and as Next Friends of Their Minor Son,


Shane Scott, and Shane Scott, Appellants



v.



Government Employees Insurance Company, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 93-04771, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







 This Court's opinion dated May 31, 1995 is withdrawn, and substitute the
following opinion in its place.

 This is a declaratory judgment action arising from a dispute over insurance benefits
due to passengers injured in a car accident. See Uniform Declaratory Judgments Act, Tex. Civ.
Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1986 & Supp. 1995). Diane and Gary Kunde,
individually and as next friends of their son Shane Scott, and Shane Scott individually appeal the
trial court's summary judgment in favor of appellee Government Employees Insurance Company
("GEICO"). We will affirm the trial court's judgment. 





BACKGROUND


 On February 11, 1992, Jason Copenhaver drove a car involved in an accident with
another car driven by Lori Smith. Copenhaver and his passengers, Shane Scott and Ryan Winters,
were injured in the accident, as was Smith. GEICO had issued a policy of automobile liability
insurance covering the vehicle driven by Copenhaver to Copenhaver's father, Lamar Copenhaver. 
 The parents of Scott, Smith, and Winters all made liability claims against Jason Copenhaver's
parents ("the Copenhavers"). Additionally, the Kundes and James Winters, Ryan Winters's
father, sought payment of uninsured or underinsured motorist benefits. 

 GEICO took the position that the insurance policy applicable to the accident
covered bodily injury up to $25,000 per person and $50,000 per accident. (1) GEICO settled the
Smiths' claims against the Copenhavers for $25,000. The Kundes then demanded that GEICO
pay the remaining $25,000 to them. After conferring with the Copenhavers and hearing their
concerns that settling with the Kundes for the entire remaining limits of the policy would not be
fair or right, GEICO refused to pay the Kundes' demand amount and instead filed an action in
interpleader (the "GEICO I action") to determine the rights of the two remaining claimants. (2) 
GEICO ultimately settled James Winters's claims for $5000 of the remaining $25,000 liability
limit. On February 2, 1993, the court granted a partial summary judgment in favor of GEICO,
stating that the Kundes take nothing on their counterclaims against GEICO. (3) 

 On February 17, 1993, the Kundes and the Copenhavers executed a document
entitled "Assignment and Covenant Not to Execute" (the "Assignment") which assigned to the
Kundes all causes of action for damages that the Copenhavers might have or acquire against
GEICO, including any claims pursuant to any negligent failure or refusal to settle by GEICO, in
consideration of the Kundes' agreement to forego collection from the Copenhavers any amount
of the judgment rendered in the Kundes' pending cross-claim against the Copenhavers in the
GEICO I action. The Assignment was signed even though GEICO had advised the Copenhavers
that their coverage under their insurance policy would be destroyed if they entered into such an
agreement. The docket sheet reflects that the Kundes nonsuited their claims against the
Copenhavers on February 18, 1993, and the claims were dismissed without a determination of the
merits. 

 GEICO filed this declaratory judgment action (the "GEICO II action") against
appellants and the Copenhavers on April 26, 1993, to insure that it would not have to pay any
judgment worked out between the Copenhavers and the Kundes under the Assignment. Appellants
filed a motion to dismiss the cause and a plea in abatement, asserting that the allegations in the
GEICO II action were compulsory counterclaims in the pending GEICO I action. The trial court
denied the motion and plea. GEICO then filed a motion for summary judgment, which the trial
court granted, holding that the Copenhavers' actions in entering into the Assignment constituted
a material breach of a condition precedent in their insurance policy with GEICO and thus relieved
GEICO of any obligation under the policy. The trial court also decreed that because of their
breach, the Copenhavers held no right, interest, or cause of action against GEICO to assign to
anyone and that the Kundes therefore had gained no rights through assignment from the
Copenhavers as expressed in the Assignment. The Kundes and Scott appeal the trial court's
summary judgment by four points of error. (4) 




DISCUSSION


 In their second and third points of error, appellants complain that the trial court
erred in refusing to abate or dismiss the GEICO II action primarily because the basis of the action
was a compulsory counterclaim required to be brought in the pending GEICO I action. Our
record does not contain the pleadings from the GEICO I action. (5) This Court overruled appellants'
motion to supplement our record with the Kundes' original answer, cross-action, and counterclaim
in the GEICO I action. GEICO asserts that it is impossible for this Court to determine whether
the GEICO II action was a compulsory counterclaim to the GEICO I action when we cannot
compare the pleadings filed in each lawsuit. Appellants, citing Crown Life Insurance Co. v.
Estate of Gonzalez, 820 S.W.2d 121 (Tex. 1991), contend that since this Court overruled their
motion to supplement the record with their pleadings from the GEICO I action without also
holding that the supplementation would have unreasonably delayed the appeal, we cannot now
affirm the trial court's judgment due to an incomplete record. See id. at 121-22 (reversing
appellate court's affirmance on basis of incomplete record when appellate court overruled motion
to supplement but made no finding that supplementation would have unreasonably delayed appeal). 
 

 The appellant in Crown Life sought to supplement the appellate record with two
depositions the trial court considered in granting summary judgment. Id. at 121. Unlike the
appellant in Crown Life, however, appellants in the instant cause sought to supplement the record
with pleadings from the GEICO I action in another district court that were not part of the GEICO
II record. Appellants did not attach the pleadings to their motion to dismiss and plea in abatement
or to their motion for summary judgment, but only requested the trial court to take judicial notice
of them. Generally, a court may not judicially notice records of another court. Culver v. Pickens,
176 S.W.2d 167, 171 (Tex. 1944). However, even assuming the pleadings could be properly
noticed under Texas Rule of Civil Evidence 201, the record does not indicate that the trial court
took judicial notice of the Kundes' pleadings from the GEICO I action. See National County Mut.
Fire Ins. Co. v. Hood, 693 S.W.2d 638, 639 (Tex. App.--Houston 1985, no writ); see also 6
Richard Orsinger, McDonald Texas Civil Practice § 43:8 (1992 ed.) (stating that information
judicially noticed will appear in record). Rather, the court order denying appellants' motion to
dismiss and plea in abatement reflects that it is based on the trial court's consideration of
appellants' motion and plea as well as counsels' argument. Moreover, in a summary judgment
case, courts will not judicially notice pleadings even of the same court which have not been
properly attached to the motion for summary judgment. See McCurry v. Aetna Casualty & Sur.
Co., 742 S.W.2d 863, 867 (Tex. App.--Corpus Christi 1987, writ denied); Gist v. Stamford Hosp.
Dist., 541 S.W.2d 510, 511 (Tex. Civ. App.--Eastland 1976, writ ref'd n.r.e.); see also Gardner
v. Martin, 345 S.W.2d 274, 276 (Tex. 1961) (holding certified copies of court records referred
to in summary judgment motion should have been attached to motion). (6) We thus distinguish
Crown Life from the instant case. 

 Appellate courts generally review a trial court ruling based on the record before
the trial court when it made its ruling. Bellair, Inc. v. Aviall of Texas, Inc., 819 S.W.2d 895, 898
(Tex. App.--Dallas 1991, writ denied); see also Gulf Oil Corp. v. Southland Royalty Co., 478
S.W.2d 583, 591 (Tex. Civ. App.--El Paso 1972), aff'd, 496 S.W.2d 547 (Tex. 1973) (holding
matters not introduced at trial should not encumber record on appeal and will not be considered
on appeal). Consequently, if appellants' request to supplement the record had been granted, we
could not consider the supplemented pleadings as a basis of our review. As such, without the
Kundes' pleadings from the GEICO I action and a record of all the issues before the trial court
in the GEICO I action, we agree with GEICO that appellants cannot demonstrate the merits of
their points of error asserting that the instant GEICO II action is a compulsory counterclaim to
the GEICO I action. We overrule appellants' second and third points of error. 

 In their fourth point of error, appellants contend that the trial court committed
fundamental error by proceeding with its ruling in the absence of Shane Scott, an indispensable
party to the proceeding. Appellants assert that Scott is an indispensable party to this action
because the assignment that forms the basis of this suit assigns the Copenhavers' rights not only
to the Kundes, but also to Scott. (7) Appellants call our attention to the original petition in this
cause, which names as parties only "Diane Kunde and Gary Kunde, individually and as next
friends of their minor son, Shane Scott"; the style of GEICO's original petition forms the basis
of appellants' argument that Scott was not joined as a party to the proceeding. 

 Even assuming that appellants' contention is correct, appellants have waived their
point of error by failing to object to the alleged defect of parties at the trial court level. See Pirtle
v. Gregory, 629 S.W.2d 919, 920 (Tex. 1982) (holding that defendants could not complain on
appeal about nonjoinder of indispensable party because they did not complain of error at trial level
by exception, plea in abatement, or motion to join other parties); see also Cox v. Johnson, 638
S.W.2d 867, 868 (Tex. 1982) (holding complaint about nonjoinder of indispensable party
ineffectual when error raised for the first time on appeal because nonjoinder was not a matter of
fundamental error). 


 In any event, appellants' complaint of nonjoinder does not constitute fundamental
error. In Pirtle, the supreme court expressly refused to apply the doctrine of fundamental error,
that being reserved for those "rare instances in which the record shows the court lacked
jurisdiction or that the public interest is directly and adversely affected." 629 S.W.2d at 920. 
The failure to join an indispensable party is not a matter of fundamental error. Cox, 638 S.W.2d
at 868; see Pirtle, 629 S.W.2d at 920; see also Cooper v. Texas Gulf Indus., Inc., 513 S.W.2d
200, 204 (Tex. 1974) ("[I]t would be rare indeed if there were a person whose presence was so
indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between
the parties already joined."). Appellants' fourth point of error is overruled. 

 In their first point of error, appellants complain that the trial court erred in granting
GEICO's motion for summary judgment. A movant for summary judgment must establish that
there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. 
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985). All evidence
favorable to the nonmovants will be taken as true; every reasonable inference must be indulged
in favor of the nonmovants and any doubts resolved in their favor. Id. at 548-49. 

 The trial court granted summary judgment based on its finding that the
Copenhavers' actions in executing the Assignment constituted a material breach of a condition
precedent to their insurance policy, thereby relieving GEICO of any duties under the policy. The
grounds presented in GEICO's motion for summary judgment, specifically relying on the
applicable provisions of the insurance policy, (8) the Assignment executed by the Copenhavers and
the Kundes, and correspondence from GEICO to the Copenhavers' attorney retained by GEICO
informing him of GEICO's position that the Copenhavers would breach their obligations under
their insurance policy with GEICO if they executed the Assignment, entitled GEICO to summary
judgment. Appellants presented no summary judgment evidence to controvert that of GEICO;
instead, they asserted an affirmative defense and now contend that the trial court failed to consider
that material fact issues existed in regard to their affirmative defense. 

 One who relies on an affirmative defense to defeat a motion for summary judgment
has the burden to come forward with competent summary judgment evidence sufficient to raise
a genuine issue of material fact on each element of the affirmative defense. Brownlee v.
Brownlee, 665 S.W.2d 111, 112 (Tex. 1984). Appellants' response to GEICO's motion for
summary judgment asserted the affirmative defense that GEICO, by acts of misrepresentation and
negligence in handling the settlement of the claims in the GEICO I action, breached the
Copenhavers' policy. Appellants contend that because GEICO breached the Copenhavers' policy,
it is thus estopped from relying on other portions of the policy to support a summary judgment
in its favor. (9) Appellants cite Texas Farmers Insurance Co. v. Soriano, 844 S.W.2d 808, 817-18
(Tex. App.--San Antonio, 1992), rev'd, 881 S.W.2d 312 (Tex. 1994), for the proposition that
GEICO breached the Copenhavers' policy when it settled James Winters's claim and thus left
insufficient funds within policy limits to settle the Kundes' more substantial claim against the
Copenhavers. The supreme court has subsequently concluded that an insurer may reasonably
settle a claim of one of several claimants even though the settlement exhausts or reduces the funds
available to satisfy other claims. Texas Farmers Ins. Co. v. Soriano, 881 S.W.2d 312, 315 (Tex.
1994). Consequently, appellants' citation to Soriano does not support any element of appellants'
affirmative defense. 

 Thus, appellants' affirmative defense rests on a negligence claim against GEICO
based on G.A. Stowers Furniture Co. v. American Indemnity Co., 15 S.W.2d 544, 547 (Tex.
Comm'n App. 1929, holding approved) (holding insurers may be liable for negligent failure to
settle claims made against their insureds within policy limits). Soriano indicates that when faced
with a settlement demand arising out of multiple claims and inadequate proceeds, an insurer
cannot be liable for negligently failing to settle one of the multiple claims unless (1) the insurer
negligently rejected a demand from the claimant within policy limits; or (2) a settlement made
with one of the other claimants was itself unreasonable. 881 S.W.2d at 315. However, the two-step analysis employed in Soriano does not arise until a Stowers cause of action accrues. The
mere refusal of the insurer to accept a settlement offer does not, without more, give rise to a
Stowers case of action; the insured must also be harmed by the rendition of a judgment against
it in excess of the proposed settlement offer. Foremost County Mut. Ins. Co. v. Home Indem.
Co., 897 F.2d 754, 757 (5th Cir. 1990) (applying Texas law). In the instant cause, no judgment
has been rendered against the Copenhavers. As such, it cannot be determined whether GEICO
negligently failed to settle appellants' claims within policy limits. Appellants cannot raise any fact
issues regarding GEICO's negligent failure to settle when that cause of action has not accrued. 


 Appellants' response to GEICO's motion for summary judgment does not allege
any other grounds by which GEICO is not entitled to summary judgment. The supreme court has
declared: "[I]ssues a non-movant contends avoid the movant's entitlement to summary judgment
must be expressly presented by written answer to the motion . . . and are not expressly presented
by mere reference to summary judgment evidence." McConnell v. Southside Indep. Sch. Dist.,
858 S.W.2d 337, 341 (Tex. 1993); see also City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979) ("[T]he non-movant must expressly present to the trial court any
reasons seeking to avoid movant's entitlement . . . and [it] must present summary judgment proof
when necessary to establish a fact issue."). Appellants' response to GEICO's motion for summary
judgment fails to meet appellants' burden to negate GEICO's entitlement to summary judgment. 
See Brownlee, 665 S.W.2d at 112. We overrule appellants' first point of error. 

 Having overruled all of appellants' points of error, we affirm the judgment of the
trial court. 



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: September 13, 1995

Do Not Publish 

1.   The Kundes claim GEICO issued two insurance policies to the Copenhavers, both of
which provide coverage for the injuries involved in this case.
2.   The Copenhavers, the Kundes, and James Winters were named as defendants in the
GEICO I action. Brackenridge Hospital and the City of Austin were also named as defendants
because they had filed a lien as to Winters's claim. As defendants, the Kundes and James
Winters evidently filed cross-claims against the Copenhavers and counterclaims against
GEICO, but these pleadings were not included in the record. This Court overruled appellants'
presubmission motion to supplement the record with their original answer, cross-action, and
counterclaim in the GEICO I action.
3.   The parties dispute whether GEICO remained a party to the GEICO I action on other
pending claims following the partial summary judgment. The record does not indicate that
GEICO ever nonsuited its interpleader action, and appellants claim that the partial summary
judgment only partially granted GEICO's motion for partial summary judgment, specifically
reserving some of appellants' claims. 
4.   The Copenhavers have not appealed.
5.   We note that the record does contain GEICO's original petition from the GEICO I
action.
6.   Appellants argue that the judicial notice requested in their plea of abatement was
mandatory, not discretionary, because they supplied the court with the necessary information. 
See Tex. R. Civ. Evid. 201(d). Because appellants have not assigned the trial court's apparent
failure to take judicial notice as a point of error, we do not address their contention that
judicial notice was mandatory or the applicability of Rule 201 to judicial notice of court
documents. 
7.   Under § 37.006 of the Civil Practice and Remedies Code, when declaratory relief is
sought, all parties with a claim or interest that would be affected by the declaration must be
joined as parties. Tex. Civ. Prac. & Rem. Code Ann. § 37.006 (West 1986); cf. Tex. R. Civ.
P. 39 (providing that person claiming interest relating to subject of cause of action shall be
joined if absence would impair ability to protect that interest or leave present parties subject to
risk of inconsistent obligations by reason of person's claimed interest). 
8.   Parts E and F of the insurance policy provide, among other things, that persons seeking
coverage must cooperate with GEICO in the investigation, settlement, or defense of any claim
or suit against the insured; that the insureds' rights and duties under the policy may not be
assigned without GEICO's written consent; that no legal action may be brought against
GEICO until the insured has fully complied with all terms of the policy; and that no legal
action may be brought against GEICO for the liability of its insureds until GEICO agrees in
writing that the insured has an obligation to pay or the amount of the obligation to pay has
been finally determined by judgment after trial. 
9.   Appellants argue in their reply brief to this Court that the affirmative defense raised
"was that [GEICO's] actions in failing to act like a reasonable insurer would in a like situation
in its handling of the claims at issue and its failure to settle claims within policy limits when it
could have done so constituted a prior breach of the [Copenhavers' insurance] policy." 
Appellants did in fact raise this affirmative defense in their first amended answer. However,
we note that only grounds expressly presented to the trial court by response to a motion for
summary judgment may defeat the movant's entitlement to summary judgment. McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). Grounds raised in trial and
appellate briefs are not sufficient. Id. at 340 (citing Watkins v. Hammerman & Gainer, 814
S.W.2d 867, 869 n.1 (Tex. App.--Austin 1991, no writ)). We therefore look only to
appellants' response to GEICO's motion for summary judgment to discern the affirmative
defense grounds asserted by appellants. 


STYLE="text-decoration: underline"> 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: September 13, 1995

Do Not Publish 

1.   The Kundes claim GEICO issued two insurance policies to the Copenhavers, both of
which provide coverage for the injuries involved in this case.
2.   The Copenhavers, the Kundes, and James Winters were named as defendants in the
GEICO I action. Brackenridge Hospital and the City of Austin were also named as defendants
because they had filed a lien as to Winters's claim. As defendants, the Kundes and James
Winters evidently filed cross-claims against the Copenhavers and counterclaims against
GEICO, but these pleadings were not included in the record. This Court overruled appellants'
presubmission motion to supplement the record with their original answer, cross-action, and
counterclaim in the GEICO I action.
3.   The parties dispute whether GEICO remained a party to the GEICO I action on other
pending claims following the partial summary judgment. The record does not indicate that
GEICO ever nonsuited its interpleader action, and appellants claim that the partial summary
judgment only partially granted GEICO's motion for partial summary judgment, specifically
reserving some of appellants' claims. 
4.   The Copenhavers have not appealed.
5.   We note that the record does contain GEICO's original petition from the GEICO I
action.
6.   Appellants argue that the judicial notice requested in their plea of abatement was
mandatory, not discretionary, because they supplied the court with the necessary information. 
See Tex. R. Civ. Evid. 201(d). Because appellants have not assigned the trial court's apparent
failure to take judicial notice as a point of error, we do not address their contention that
judicial notice was mandatory or the applicability of Rule 201 to judicial notice of court
documents. 
7.   Under § 37.006 of the Civil Practice and Remedies Code, when declaratory relief is
sought, all parties with a claim or interest that would be affected by the declaration must be
joined as parties. Tex. Civ. Prac. & Rem. Code Ann. § 37.006 (West 1986); cf. Tex. R. Civ.
P. 39 (providing that person claiming interest relating to subject of cause of action shall be
joined if absence would impair ability to protect that interest or leave present parties subject to
risk of inconsistent obligations by reason of person's claimed interest). 
8.   Parts E and F of the insurance policy provide, among other things, that persons seeking
coverage must cooperate with GEICO in the investigation, settlement, or defense of any claim
or suit against the insured; that the insureds' rights and duties under the policy may not be
assigned without GEICO's written consent; that no legal action may be brought against
GEICO until the insured has fully complied with all terms of the policy; and that no legal
action may be brought against GEICO for the liability of its insureds until GEICO agrees in
writing that the insured has an obligation to pay or the amount of the obligation to pay has
been finally determined by judgment after trial. 
9.   Appellants argue in their reply brief to this Court that the affirmative defense raised
"was that [GEICO's] actions in failing to act like a reasonable insurer would in a like situation
in its handling of the claims at issue and its failure to settle claims within policy limits when it
could have done