NUMBER 13-03-356-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

IN THE INTEREST OF M.A.T., A MINOR CHILD
___________________________________________________________________

On appeal from the 197th District Court
of Cameron County, Texas.
__________________________________________________________________

MEMORANDUM OPINION 

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Rodriguez

         Appellant, the biological mother of M.A.T, a minor child, brings this appeal from
an original proceeding in a suit affecting parent child relationship wherein appellee, the
biological father, was named as sole joint managing conservator. By four issues,
appellant contends that (1) the evidence is legally and factually insufficient to support
the judgment, (2) the trial court erred in overruling an objection that the child's
statement was hearsay, and (3) the father's parents were indispensable parties. We
affirm.
I. Background
         All issues of law presented by this case are well settled, and the parties are
familiar with the facts. Therefore, we will not recite the law or the facts in this
memorandum opinion, except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Sufficiency of the Evidence
A. Presumption in Favor of Natural Parent
         By her first and second issues, appellant generally contends that the evidence
is legally and factually insufficient to support the judgment. More specifically appellant
complains that the evidence is insufficient to overcome any presumption in favor of
the appointment of a natural parent as conservator. See In the Interest of V.L.K., 24
S.W.3d 338, 342 (Tex. 2000) ("The presumption that the best interest of the child
is served by awarding custody to the parent is deeply embedded in Texas law."); see
also Tex. Fam. Code Ann. § 153.131(a) (Vernon 2002) (providing that unless court
finds appointment of parent would not be in best interest of child because it would
significantly impair child's physical health or emotional development, a parent shall be
appointed sole managing conservator or both parents as joint managing conservators). 
Appellant contends that the conservatorship has been given to non-parents because
the paternal grandparents will be caring for the child.
B. Grandparents as Indispensable Parties
         Because the first two issues address M.A.T.'s grandparents, we address them
in conjunction with appellant's fourth issue wherein she contends that the paternal
grandparents are indispensable parties and that the trial court erred in failing to join
them as parties in this suit. Appellant also asserts that the trial court erred in failing
to instruct the jury on the presumption in favor of the natural parent.
         To preserve a complaint for appellate review, a party must have presented to
the trial court a timely request, objection, or motion stating the specific grounds for
the ruling desired. Tex. R. App. P. 33.1(a)(1). When a party makes no objection to the
trial court as to the absence of an indispensable party, it will not be heard to complain
on appeal. Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex. 1982). Appellant did not
object at trial to the absence of the grandparents as parties in this case. Thus, she has
not preserved this argument for our review.
C. Jury Charge
         Appellant also complains that the charge did not include an instruction on the
presumption in favor of the natural parent, the mother in this case. However, any
complaint to a jury charge is waived unless specifically included in an objection. In the
Interest of B.L.D., 113 S.W.3d 340, 349 (Tex. 2003) (citing Tex. R. Civ. P. 274; Tex.
R. App. P. 33.1(a)(1)). "A party must make the trial court aware of the complaint,
timely and plainly, and obtain a ruling." Id. Appellant did not object to the charge; 
rather appellant's counsel noted on the record that he had reviewed the charge and
had no objection. Appellant, therefore, has waived any objection to the charge in this
case. Accordingly, appellant's fourth issue has not been preserved for our review.          Furthermore, because the grandparents are not parties to this suit and because
appellant does not bring sufficiency challenges as to appellee's appointment as sole
managing conservator of the child, we overrule issues one and two.
III. Admission of Child's StatementIn her third issue, appellant contends the trial court erred in overruling an
objection that the child's statement was hearsay which probably resulted in an
improper judgment.


 Appellant concedes there was evidence regarding what appellant
told the child apart from the child's hearsay testimony. Nonetheless, appellant asserts
there "was harm because the child's testimony made the difference in who got the
child." We disagree.
         Assuming without determining that the statement of the child admitted over
objection was inadmissible hearsay, it was cumulative of other similar statements that
were admitted without objection.


 See Ferguson v. State, 97 S.W.3d 293, 298 (Tex.
App.–Houston [14th Dist.] 2003, pet. ref'd) (holding subsequent identification was
cumulative and harmless); see also Tex. R. App. P. 44.2(b) (stating error to be
disregarded if does not affect substantial rights). Therefore, we conclude the
admission of the complained of statement was cumulative and harmless. Issue three
is overruled.
IV. Conclusion
         We affirm the judgment of the trial court.                                                                                           

                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Memorandum Opinion delivered and 
filed this 12th day of May, 2005.