Opinion issued September 29, 2005 











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00829-CV
____________

COUNTY OF GALVESTON, Appellant 

V.

CHARLOTTE TOLLE f/k/a CHARLOTTE DILLON, Appellee




On Appeal from the 10th Judicial District Court 
  Galveston County, Texas
Trial Court Cause No. 03CV1871




O P I N I O N
          Appellant, the County of Galveston (“the County”), appeals the order of the
trial court denying in part appellant’s plea to the jurisdiction. In four issues, the
County contends that the trial court erred in granting the plea as to monetary damages
only and should have dismissed all of appellee’s claims. 
          We affirm in part and reverse in part and render judgment dismissing 
appellee’s suit against the County. 
Background
          Appellee, Charlotte Tolle, is a former employee of the County, where she
worked for about 30 years. When Tolle retired in 1999, the County paid medical
insurance premiums and provided a life insurance policy for employees and retirees. 
Beginning in 2003, the County required its employees and retirees under age 65,
including Tolle, to pay a $50 monthly premium for their medical insurance. In 2004,
this premium was raised to $75 per month. 
          After the County raised the premium payments to $75 per month, Tolle sued
the County, seeking monetary damages for breach of contract and fraud. In an
amended petition, she added a claim for constitutional tort under article I, section 19
of the Texas Constitution,


 complaining that the County’s action deprived her of
property “without due course of law.” She also sought a judgment declaring the
validity of her contract with the County and injunctive relief that would require the
County to pay her health insurance and life insurance premiums. The County filed
a plea to the jurisdiction, asserting that the County was immune from the fraud and
contract claims, that Tolle had not made a prima facie case for the constitutional
claim, and that the trial court had no jurisdiction over the claims for declaratory and
injunctive relief. 
          The trial court granted the County’s plea as to Tolle’s claim of monetary
damages for breach of contract, fraud, and state constitutional tort. However, the trial
court denied the County’s plea as to Tolle’s claims for declaratory judgment and
injunctive relief. 
Standard of Review
          A plea to the jurisdiction is reviewed de novo. Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998). The appellate court must determine whether a
party has met its burden of pleading facts showing that the trial court has
subject-matter jurisdiction over the pending controversy. Tex. Parks & Wildlife Dep't
v. Garrett Place, Inc., 972 S.W.2d 140, 142–43 (Tex. App.—Dallas 1998, no pet.). 
We take allegations in the pleadings as true and construe them in favor of the pleader. 
Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).
Tolle’s Contract and Tort Claims
          In its first two issues, the County complains that the trial court granted the plea
to the jurisdiction only with respect to monetary damages on Tolle’s claims for breach
of contract and fraud. The County asserts that it has immunity from the entire claims
for those causes of action, not just the damages portion. In its third issue, the County
contends that the trial court is without jurisdiction to hear Tolle’s claim relating to
constitutional tort because she has not stated a claim under article I, section 19 of the
Texas Constitution. 
          By sustaining the County’s plea to the jurisdiction as it related to the three
causes of action seeking monetary relief, the trial court granted the County complete
relief on Tolle’s claims for breach of contract, fraud, and constitutional tort. There
is, therefore, no basis for the County’s complaints regarding those causes of action.
Accordingly, we overrule the County’s first three issues. 
Declaratory Judgment
          In its fourth issue, the County contends that the trial court had no jurisdiction
over the plaintiff’s action for declaratory judgment. The Declaratory Judgment Act
provides, in pertinent part:
A person interested under a . . . written contract . . . or whose
rights, status, or other legal relations are affected by a statute, municipal
ordinance, contract, or franchise may have determined any question of
construction or validity arising under the instrument, statute, ordinance, 
contract or franchise and obtain a declaration of rights, status, or other
legal relations thereunder. 

Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (Vernon 1997).
          To render a declaratory judgment, a court must first have subject matter
jurisdiction, and the asserted dispute must already be within the court’s jurisdiction. 
City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 754 (Tex. App.—Austin 1998, no
pet.). “A litigant’s request for declaratory relief cannot confer jurisdiction on the
court, nor can it change the basic character of a suit.” State v. Morales, 869 S.W.2d
941, 947 (Tex. 1994); Tex. Ass’n of Bus., 852 S.W.2d at 444; see also Tex. Civ.
Prac. & Rem. Code Ann. §§ 37.001–.011 (Vernon 1997). Rather, the Declaratory
Judgment Act “is a procedural device for deciding cases already within the Court’s
subject matter jurisdiction.” Dallas County Dist. Attorney v. Doe, 969 S.W.2d 537,
540 (Tex. App.—Dallas 1998, no pet.). 
          Declaratory judgment actions by private parties seeking to determine their
rights under a statute are not suits against the State because they do not attempt to
impose liability upon the State. Tex. Natural Res. Conservation Comm’n v. IT-Davy,
74 S.W.3d 849, 855 (Tex. 2002). Such declaratory-judgment actions do not implicate
the doctrine of sovereign-immunity. Id. Because the doctrine is not implicated,
legislative consent to sue is not required. 
          On the other hand, the government is immune from suits that seek to establish
a contract’s validity, to enforce performance under a contract, or to impose
contractual liabilities in suits against the State. Id. at 855–56. The government does
not waive its immunity from suit by contracting with private citizens, Fed. Sign v.
Tex. S. Univ., 951 S.W.2d 401, 408 (Tex. 1997), and declaratory judgment actions to
determine the validity of a contract or to enforce the contract cannot be maintained
without legislative permission because they seek to impose liability on the State. IT-Davy, 74 S.W.3d at 856. 
          In this case, Tolle sought a declaration “that the defendant has a contract or
agreement with Ms. Tolle concerning her retirement benefits and must abide by its
agreement or contract.” She also sought a declaration that the County cease requiring
her to pay any insurance premiums, not cancel her health insurance policy, and
reinstate her supplemental life insurance policy at the County’s sole cost. Tolle’s
petition did not request a declaration of her rights under any statute. The trial court
had no jurisdiction to consider Tolle’s request for a judgment declaring her rights
under an agreement or contract with the County because such a declaration would
impose liability on the governmental entity. See id. Therefore, the trial court should
have dismissed Tolle’s entire lawsuit. 
          Accordingly, we sustain the County’s fourth issue.
Injunctive Relief
          The County has not appealed the trial court’s denial of the County’s plea to the
jurisdiction as it relates to Tolle’s request for injunctive relief. Nevertheless, we
consider this issue because the trial court’s retention of the request for injunctive
relief for Tolle’s breach of contract and fraud claims was fundamental error. See
Pirtle v. Gregory, 629 S.W.2d 919, 919–20 (Tex. 1982) (“Fundamental error survives
today in those rare instances in which the record shows the court lacked jurisdiction
. . . .”). “Subject matter jurisdiction cannot be conferred by consent, waiver, or
estoppel at any stage of a proceeding.” Tourneau Houston, Inc. v. Harris County
Appraisal Dist., 24 S.W.3d 907, 910 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
Furthermore, “lack of subject-matter jurisdiction is fundamental error that may be
recognized by the appellate court, sua sponte.” Britton v. Tex. Dep’t of Criminal
Justice, 95 S.W.3d 676, 681 n.6 (Tex. App.—Houston [1st Dist.] 2002, no pet.). 
          In her amended petition, Tolle sought an injunction that would require the
County to pay the premium for Tolle’s health insurance and life insurance. Thus,
Tolle’s request for an injunction, like her action for declaratory judgment, was
another way to obtain monetary relief from the County. Therefore, the trial court did
not have jurisdiction over Tolle’s claim for injunctive relief in connection with the
maintenance of her insurance policies.


 
 

Conclusion
          We affirm that portion of the trial court’s judgment dismissing Tolle’s claims
for breach of contract, fraud, and state constitutional tort. We reverse the trial court’s
judgment denying the County’s plea to the jurisdiction as it relates to Tolle’s claims
for declaratory and injunctive relief and render judgment that the County’s plea to the
jurisdiction be sustained in its entirety and that Tolle’s suit against the County be
dismissed. 
 
 
                                                                        Sam Nuchia
                                                                        Justice

Panel Consists of Justices Nuchia, Jennings, and Alcala.