NO.
12-06-00295-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN THE
INTEREST OF B.G.,         §                      APPEAL FROM THE 217TH

 

C.W.,
E.W., B.B.W. AND J.W.,        §                      JUDICIAL DISTRICT COURT OF

 

CHILDREN   §                      ANGELINA COUNTY, TEXAS

                                                                                                                                                              


MEMORANDUM
OPINION

            Lester
Williams appeals the trial court’s postjudgment order denying him a free record
in a conservatorship and termination proceeding brought by the Texas Department
of Family and Protective Services (“DFPS”). 
In one issue, Williams complains that the trial court violated his due
process rights under the United States and Texas constitutions when it denied
his request for a free record.  We
affirm.

 

Background

            Following a bench trial, the trial
court terminated Williams’s parental rights. 
Williams, who had discharged his court appointed trial counsel and acted
pro se at trial, requested that the trial court appoint counsel to represent
him on appeal.  Through his subsequently
appointed appellate counsel, Williams sought a free record based upon Williams’s
indigent status.  The trial court
conducted a posttrial hearing on the matter and issued a written order denying
Williams a free record.  Williams now
appeals that order.

 

 

Constitutional Issues

            In his sole issue, Williams argues
that the trial court violated his due process rights under the United States
and Texas constitutions when it denied his request for a free record.  Section 13.003 of the Texas Civil Practice and
Remedies Code governs the provision of free clerk’s records and reporter’s
records to indigent appellants.  See Tex. Civ. Prac. & Rem. Code Ann. §
13.003 (Vernon 2002).  Under section
13.003, a trial court may order that an indigent appellant be provided a free
clerk’s record and reporter’s record only if

 

(1)           an affidavit of inability to pay the cost of the appeal
has been filed under the Texas Rules of Appellate Procedure; and

 

(2)           the trial judge finds:

(A)          the appeal is not frivolous; and

(B)          the [reporter’s record] and the [clerk’s
record] are needed to decide the issue presented by the appeal.

 

 

Tex. Civ. Prac. & Rem. Code Ann. §
13.003(a) (Vernon 2002).

            Rule 33.1(a) of the Texas Rules of
Appellate Procedure states as follows:

 

(a)           In General. As a prerequisite to presenting a complaint
for appellate review, the record must show that:

 

(1)           the complaint was made to the trial
court by a timely request, objection, or motion that:

 

   (A)       stated
the grounds for the ruling that the complaining party sought from the trial
court with sufficient specificity to make the trial court aware of the
complaint, unless the specific grounds were apparent from the context; and

 

   (B)       complied
with the requirements of the Texas Rules of Civil or Criminal Evidence or the
Texas Rules of Civil or Appellate Procedure; and

 

(2)           the trial court:

 

   (A)       ruled
on the request, objection, or motion, either expressly or implicitly; or

 

   (B)       refused
to rule on the request, objection, or motion, and the complaining party
objected to the refusal.

 

 

Tex. R. App. P. 33.1(a).  Here, Williams did not assert his
constitutional complaints at the hearing on his request for a free record.  Therefore, Williams failed to preserve error,
if any, for appellate review.  See
Tex. R. App. P. 33.1(a); Canal
Ins. Co. v. Hopkins, No. 12-06-00411-CV, 2007 WL 1867350, at *7 (Tex.
App.–Tyler June 29, 2007, no pet. h.) (applying Rule 33.1 to constitutional
issues); In re T.L., No. 12-04-00219-CV, 2004 WL 2694600, at *5
(Tex. App.–Tyler Nov. 24, 2004, no pet.) (mem. op.) (also applying Rule 33.1 to
constitutional issues).

            Under the fundamental error
doctrine, we may review error that has not been preserved at trial.  Fundamental error exists “in those rare
instances in which the record shows the court lacked jurisdiction or that the
public interest is directly and adversely affected as that interest is declared
in the statutes or the Constitution of Texas.” 
Wal-Mart Stores, Inc. v. Alexander, 868 S.W.2d 322, 328
(Tex. 1993) (quoting Pirtle v. Gregory, 629 S.W.2d 919, 920
(Tex.1982)).  We have not been presented
with fundamental error in this case.  See id.  We overrule Appellant’s sole issue.

 

Disposition

            We
affirm the trial court’s order.[1]

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

Opinion delivered July 18, 2007.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

(PUBLISH)











[1] Williams has listed issues that he anticipates raising on appeal upon
our reversal of the trial court’s order. 
Because these are anticipated issues only, we do not address them here.