# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00378-CV

**Michael McDonald and Jeri McDonald, Appellants**

**v.**

**Keith Mauck, Jennifer Mauck, Erik Hoghaug, Karen Hoghaug,
Doug Gephardt, and Allison Gephardt, Appellees**

### FROM THE 207TH DISTRICT COURT OF HAYS COUNTY
### NO. 19-3018, THE HONORABLE DAVID JUNKIN, JUDGE PRESIDING

## M E M O R A N D U M  O P I N I O N

In this interlocutory appeal, Michael and Jeri McDonald complain of the trial court's denial of their motion to dissolve a temporary injunction (TI). The trial court issued the TI in the underlying lawsuit, which appellees filed seeking to enjoin the McDonalds from constructing improvements on their real property allegedly in violation of applicable deed restrictions. For the following reasons, we will affirm the trial court's denial of the McDonalds' motion to dissolve the TI.

## BACKGROUND

Appellees filed suit against their new neighbors, the McDonalds, seeking temporary and permanent injunctive relief enjoining the McDonalds from continuing construction of a

home and detached garage[1] on land they had recently purchased in the Deerfield Estates Subdivision in Dripping Springs. As recited in appellees' petition, in August 2019 they "noticed that metal walls were being installed on what appeared to be an RV garage/outbuilding/storage building" on the McDonalds' property. Appellees assert that the McDonalds' construction of the improvements violates the subdivision's deed restrictions and specifically that the detached garage violates Paragraphs 8, 12, and 15.b of the 1999 Declaration of Covenants, Conditions, Easements & Restrictions of Deerfield Estates Subdivision, which provide:

> 8. It is the intent of the undersigned that all dwellings and other structures have a neat and attractive appearance. No metal walls or walls of temporary sheeting will be allowed. The entire exterior walls of all dwelling units or other buildings hereafter constructed must be completed within one (1) year after the commencement of work thereon or the placing of materials therefor on said Property, whichever occurs the earliest, and in connection therewith, it is understood that by the use of the word "completed," it is also meant the finishing of all such exterior walls.
>
> . . .
>
> 12. No structures used for storage purposes shall be erected or placed upon any parcel which will be visible from any roadway, unless placed within the most rear one-third (1/3) of the parcel, that being such portion farthest away from any roadway. All such structures shall be neatly maintained.
>
> . . .
>
> 15.b. No building, structure, fence, or other improvements shall be constructed, erected, placed, or maintained on any lot, nor shall any additions to or change or alteration therein be made, until the construction plans and specifications, and a plot plan showing the location of all such structures and all appurtenances thereto, have been submitted to and approved by [the architectural committee of the homeowner's association].

---

[1] This appeal concerns the McDonalds' construction of only the detached garage, not the home.

On appellees' application, the trial court issued a temporary restraining order and later a TI after an evidentiary hearing. The TI enjoined the McDonalds from

> continuing to construct or otherwise make improvements to, or on, any building, structure, or other improvement with metal sides on the Property (including the improvement . . . referred to as the "detached garage" . . . at the Temporary Injunction Hearing) until further order of the Court[, and]

> continuing to construct or otherwise make improvements to, or on, any building, structure, or other improvement—other than the main house—until approval of plans and specifications . . . [by the architectural committee.]

The McDonalds did not perfect an appeal from the order granting the TI. Several months later, however, they filed a motion to dissolve the TI, arguing that the following changes of circumstances warranted relief: (1) the McDonalds had since "submitted their plans to the architectural committee per th[e trial c]ourt's instructions"; (2) the architectural committee had "declined to disapprove" any plans related to the detached garage, rendering the plans presumptively approved;[2] and (3) the McDonalds had "updated their plans to ensure that the detached garage's exterior walls will not be metal, but will be finished to match the exterior of the house."

After a hearing, the trial court denied the McDonalds' motion to dissolve in a letter ruling, in which the trial court stated, "I find there was sufficient evidence presented to support the claim that the submitted plans were sufficiently disapproved" and that "there was no or insufficient evidence that disapproval of the location of the [detached garage] at issue was

---

[2] Paragraph 15.d of the deed restrictions provides, "In the event [the architectural committee] should fail to approve or disapprove the plans, specifications, and plot plans within (15) days after they have been submitted to it, it will be presumed that the same have been approved . . . ."

arbitrary, capricious, or discriminatory." The McDonalds then filed this interlocutory appeal of the trial court's denial of their motion to dissolve.

**DISCUSSION**

We review a trial court's ruling on a motion to dissolve a TI for an abuse of discretion. *See Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 580 (Tex. App.—Austin 2000, no pet.); *Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 834 (Tex. App.—Austin 1984, no writ). The purpose of a motion to dissolve is to "provide a means to show changed circumstances or a change in the law that require modification or dissolution of the injunction; the purpose is not to give an unsuccessful party an opportunity to relitigate the propriety of the original grant" of the TI. *Sewell v. Hardriders, Inc.*, No. 14-12-00541-CV, 2013 WL 3326798, at *2 (Tex. App.—Houston [14th Dist.] June 27, 2013, no pet.) (mem. op.). Thus, a trial court has "no duty to reconsider the grant of a temporary injunction if the movant fails to present *new* evidence showing fundamental error or changed conditions." *Universal Health Servs.*, 24 S.W.3d at 580. Fundamental error exists when "the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas." *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982). Changed circumstances are conditions that altered the status quo existing after the temporary injunction was granted or that made the temporary injunction unnecessary or improper. *Universal Health Servs.*, 24 S.W.3d at 580 (*citing Henke v. Peoples State Bank*, 6 S.W.3d 717, 721 (Tex. App.—Corpus Christi 1999, pet. dism'd w.o.j.)).

In two issues, the McDonalds contend that the trial court erred in denying their motion to dissolve the TI by "punting" on the following "governing legal questions": (1) In light

4

of the fact that the McDonalds have decided to cover the detached garage's current metal walls with other materials permitted by the deed restrictions, rendering the metal completely non-visible, will the garage violate Paragraph 8? and (2) Does the detached garage, whose primary purpose is not for storage but to park a vehicle, violate Paragraph 12 because it is not located on the rear one-third of the property? The McDonalds contend that the trial court should have dissolved the TI because the proper construction of Paragraphs 8 and 12 "does not bar [their] construction of [the] detached garage" and that this Court "should address the legal points that are actually at issue," i.e., the merits of appellees' claims.

However, as appellees correctly respond, those very legal questions were before the trial court when it issued the TI, and the trial court therefore could not have abused its discretion in refusing to reconsider the propriety of its prior grant of the TI in the absence of new evidence. *See Tober,* 668 S.W.2d at 834. Thus, the only issue properly before the trial court on the McDonalds' motion to dissolve was whether there had been changed circumstances that altered the status quo, rendering the TI unnecessary or improper. *See Universal Health Servs.,* 24 S.W.3d at 580.

In their appellate issues, the McDonalds do not contend that the trial court abused its discretion in impliedly finding that there were no changed circumstances warranting the McDonalds' requested relief or in expressly finding that the architectural committee disapproved[3] the McDonalds' revised plans. Significantly, the McDonalds did not argue or attempt to prove that the proposed location of the detached garage had changed since issuance

---

[3] On appeal, the McDonalds no longer contend that the plans were "presumptively approved" but concede that the committee disapproved the plans, as found by the trial court. Instead, they urge that the committee's disapproval was based on "improper legal construction of Paragraphs 8 and 12" of the deed restrictions.

5

of the TI, and their contention that they had since decided to completely cover the detached garage's metal walls with acceptable materials is belied by Mr. McDonald's testimony at the initial TI hearing that he and his wife had *already*—at that juncture—intended to make such modification.  Instead, the McDonalds argue that the architectural committee's disapproval of their garage plans constitutes a change in the status quo rendering the TI unnecessary or improper.  However, neither is the architectural committee's disapproval a material change in the status quo—the committee had not approved any garage plans before the TI and still has not approved any—nor does the disapproval render the TI unnecessary or improper.  Indeed, we fail to see any significance to the fact that the architectural committee has disapproved the McDonalds' plans for the detached garage.  Not only did the TI enjoin any construction of or improvements to any structures other than the house until approval of plans and specifications therefor by the architectural committee, but it also enjoined any construction of or improvements to the detached garage *expressly* "until further order of the Court."

We decline to address the merits of appellees' underlying claims because this is an improper procedural posture in which to do so, and we conclude that the trial court did not abuse its discretion in determining that the McDonalds did not meet their burden to demonstrate a change in circumstances making the TI unnecessary or improper.  *See id.*; *Tober,* 668 S.W.2d at 834.

## CONCLUSION

We affirm the trial court's denial of the McDonalds' motion to dissolve the TI.

6

                                                         _____

                                                       Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Kelly

Affirmed

Filed:   February 3, 2021